STATE of North Dakota, Plaintiff
and Appellee,

v.

Robert CARMODY, Defendant
and Appellant.

Cr. No. 534.

Supreme Court of North Dakota.

June 11, 1976.

Burt L. Riskedahl, Bismarck, for appellant.

Robert E. Manly, State's Atty., New Rockford, for appellee.

PEDERSON, Justice.

An Eddy County district court jury convicted Carmody of second degree manslaughter on December 7, 1973. He was sentenced on June 24, 1974, to a five-year term at the penitentiary. No appeal was taken. On April 2, 1975, Carmody applied to the trial court for post-conviction relief under Chapter 29–32, NDCC. A hearing was held on this application on June 9 and relief was orally denied. Carmody appealed the denial to the Supreme Court on June 20.

This notice of appeal and the record documents were not transmitted to the Supreme Court as required by Rule 37(e), N.D.R. Crim.P., but nevertheless this constituted a valid appeal under Rule 3(d), N.D.R.App.P. The order required by § 29–32–07, NDCC, was signed by the trial court on August 21.

On December 12, 1975, Carmody moved to amend or supplement his application and, on February 6, 1976, the trial court denied this motion on the ground that it was not timely made and was, in fact, a second application for post-conviction relief, which is not permitted.

On March 17, 1976, Carmody made a second appeal to the Supreme Court, this time appealing from the order of August 21, 1975, denying post-conviction relief, and from the order of February 6, 1976, denying the motion to amend the application. The clerk then transmitted the record as required by Rule 37(e), N.D.R.Crim.P.

In his original application for post-conviction relief Carmody stated, among others, the following specific ground:

"That at the time of sentencing the Defendant was not informed of his right of appeal as required by Rule 32(a)(2) of the North Dakota Rules of Criminal Procedure."

The trial court found as a fact:

"That Defendant was represented by competent counsel at all stages of the proceedings in this case, and said counsel and Defendant were aware of his right to appeal."

The trial judge concluded as law:

"That all of Defendant's constitutional rights were protected, no prejudicial error was committed, and Defendant was given a fair and impartial trial."

Carmody subsequently moved to amend or supplement his application to raise the following additional issue:

1. *State v. Rudolph*, 193 N.W.2d 237 (N.D.1971), may have left the impression that only claims that raise constitutional issues are authorized in post-conviction proceedings. The State post-conviction relief Act may provide a broader State review of a conviction than that contemplated by the United States Supreme Court

"That the enactment of North Dakota Century Code 12–27–35 repealed by implication North Dakota Century Code 12–27–17(1) with which the defendant was charged and North Dakota Century Code 12–27–19 with which the defendant was convicted. Further, that North Dakota Century Code 12–27–35 was enacted in 1957 and the repeal by implication would be effective at the time defendant was charged and convicted."

We first consider whether the failure to inform Carmody of his right to appeal as required by Rule 32(a)(2), N.D.R.Crim.P., is a matter which can be raised upon an application for post-conviction relief or whether such a challenge is waived by a failure to take an appeal from the judgment of conviction itself.

The North Dakota Uniform Post-Conviction Procedure Act (Chapter 29–32, NDCC) does not limit post-conviction remedies to those who claim that their constitutional rights have been violated but includes the claim of violation of a law of this State and includes, further, any collateral attack that otherwise would have been available under any common law, statutory or other writ, motion, petition, proceeding, or remedy.[1]

We hold that a collateral attack on a sentence on the ground that it is invalid because of the failure of the sentencing court to advise the defendant of his right to appeal can be raised by application for post-conviction relief under Chapter 29–32, NDCC, and that failure to make a direct appeal from the conviction does not constitute a waiver of defendant's right to make such a challenge.

As an explanation of Federal Criminal Rule 32, we find in 9 Moore's Federal Practice, 2d ed., at 990, the following:

in the cases of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The North Dakota Legislature may provide greater relief, if it desires, than that required by the United States and North Dakota Constitutions.

"That advice [referring to right of appeal] seems clearly to be a necessary part of a valid sentence, and until it is given the ten-day period for taking an appeal cannot begin to run because there is no valid sentence in existence."

See also the explanatory note following Rule 37, N.D.R.Crim.P., wherein it is stated: "The provision in Rule 32 which requires that the defendant be advised of his right to appeal * * * is clearly a necessary part of a valid sentence and until it is given, the 10-day period for taking an appeal cannot begin to run because there is no valid sentence in existence."

■ The failure to advise a convicted defendant of his right to appeal requires remand for resentencing and reinstatement of the right of appeal and, of course, a new application for post-conviction relief may thereafter be made. See *Paige v. United States,* 443 F.2d 781 (4th Cir. 1971); *United States v. Benthien,* 434 F.2d 1031 (1st Cir. 1970); *Nance v. United States,* 422 F.2d 590 (7th Cir. 1970); and *United States v. Smith,* 387 F.2d 268 (6th Cir. 1967).

We accordingly reverse and remand for resentencing at which time the defendant may again raise the question which he attempted to raise by a tardy amendment of his application for post-conviction relief, after he had appealed from the order denying post-conviction relief and divested the trial court of jurisdiction. If Carmody does raise this question, we direct the trial court's attention to our holding in *State v. Hagge,* 224 N.W.2d 560 (N.D.1974), at syllabus 3, as follows:

"By enactment of the negligent homicide statute, the legislature removed homicide in the operation of motor vehicles from the purview of the earlier manslaughter statute and placed it within the purview of the negligent homicide statute and repealed the manslaughter statute to the extent that it included within its purview homicide resulting from improper operation of motor vehicles."

We would not anticipate, if the trial court determines that a retrial or other proceedings are necessary, that the other issues raised by Carmody will be involved and, as their resolution is not necessary at this time, we make no disposition thereof.

Reversed and remanded.

ERICKSTAD, C. J., and VOGEL, SAND and PAULSON, JJ., concur.