Curtis Lee REDDING, Appellee,

v.

STATE of Iowa, Appellant.

No. 61122.

Supreme Court of Iowa.

Jan. 24, 1979.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and David H. Correll, County Atty., for appellant.

James C. Dunbar of Dunbar & Dunbar, Waterloo, for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

In 1973 Redding was convicted and sentenced upon a plea of guilty to robbery. He did not appeal. Four years later he brought the present postconviction action alleging his plea was involuntary and was taken without compliance with *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). In this action, the trial court set aside the conviction and ordered that Redding be permitted to plead anew because of the plea-taking judge's noncompliance with *Sisco*. The State contended below and contends here that the postconviction action is barred because Redding did not follow procedures for preserving error required by *State v. Reaves*, 254 N.W.2d 488 (Iowa 1977), and he did not establish an excuse for failing to raise his postconviction claims on direct appeal. We affirm the trial court.

■ The postconviction action is not barred because of Redding's failure to preserve error in accordance with *Reaves* because the *Reaves* procedures were made applicable prospectively only.

■ Nor is the action barred because of failure to appeal. The involuntariness claim could not have been decided on direct review because it depended on evidence which would not appear in the record of the plea proceeding. Failure to raise an issue on appeal is excused when the issue could not have been decided there. *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *State v. Boge*, 252 N.W.2d 411 (Iowa 1977). A postconviction action is an appropriate way to make a claim which depends on evidence *de hors* the original record. See, e. g., *State v. Kellogg*, 263 N.W.2d 539, 544 (Iowa 1978).

Even though the *Sisco* claim could have been asserted on direct review, it could not be presented unless an appeal was taken, and none was taken here. A distinction exists between the right to maintain a postconviction action when an appeal or prior postconviction action was pursued and the right to do so when no prior proceeding was held.

Postconviction actions are not ordinarily available to correct errors which should have been raised in an earlier proceeding, when an earlier proceeding has actually taken place. Under §§ 663A.2 and 663A.8, The Code, multiple grievances of a convicted defendant should be submitted in a unitary action rather than piecemeal in successive actions. *Carstens v. Rans*, 210 N.W.2d 663, 664–665 (Iowa 1973). Consequently, when a postconviction relief applicant has previously sought review of his conviction either by direct appeal or prior postconviction action, he must establish a sufficient reason why each new ground for relief was not previously asserted. *Bledsoe v. State*, 257 N.W.2d 32, 34 (Iowa 1977).

However, this burden does not exist when the conviction has not previously been attacked. A failure to take an appeal does not alone constitute a waiver of the right to attack the conviction by postconviction action. Failure to appeal bars relief in a postconviction action on the ground of abuse of process only as to factual and legal contentions which the postconviction applicant knew of at the time of the original trial court proceeding and which he deliberately and inexcusably failed to pursue on appeal. *Horn v. Haugh*, 209 N.W.2d 119, 120–121 (Iowa 1973) (approving ABA Standard, Post-Conviction Remedies, § 6.1(c)).

We have no basis under the present record for finding that Redding knew of his *Sisco* contention at the time of the original proceeding and nevertheless deliberately and inexcusably failed to pursue it on appeal. Therefore we agree with the postconviction trial court that he should not be denied postconviction relief for failing to appeal.

The State does not contend that postconviction relief was not warranted on the merits of Redding's *Sisco* claim.

We find no reversible error.

AFFIRMED.