**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Charles COOK, Defendant and Appellant.**

**Cr. No. 953.**

Supreme Court of North Dakota.

Feb. 23, 1984.

Kent Reierson, State's Atty., Williston, acting as Sp. State's Atty. of McKenzie County, for plaintiff and appellee State; submitted on brief.

Charles Cook, pro se; submitted on brief.

VANDE WALLE, Justice.

Charles Cook appealed from an order denying his petition for post-conviction relief. We affirm.

A judgment of conviction on a plea of guilty to the charge of unlawful possession of a controlled substance with intent to deliver, a Class B felony, was entered by the district court on September 25, 1981.[1] Cook was represented by court-appointed counsel. Subsequent to the conviction Cook asked that his court-appointed counsel be discharged. Cook, acting as his own counsel, petitioned the district court for post-conviction relief pursuant to Chapter 29–32, N.D.C.C.[2] The petition was denied by order of the district court dated June 2, 1983. No appeal was taken from that order. On July 1, 1983, Cook again petitioned the court for post-conviction relief and that petition was denied on July 14, 1983. Cook executed his notice of appeal from the July 14 order on July 29, and filed it on August 2, 1983.

The State argues that because Cook's original petition was denied on June 2, 1983, and no appeal was taken within the prescribed time, this court is without jurisdiction to hear the appeal. However, the appeal from the July 14 order denying the petition was filed within the prescribed time. Our reading of the district court's order of July 14 denying the July 1 petition indicates the district court considered the petition as a separate proceeding although the reasons given for denying the petition are essentially the same as those used in the order of June 2 denying the previous petition. We therefore conclude Cook's appeal was timely.

Cook alleges several reasons for granting his petition, to wit: insufficient evidence to sustain his conviction; coercion and deceit were used in order to obtain his testimony against himself; his privilege against self-incrimination was violated; and there was no probable cause for a warrantless search or arrest. Cook's petition and the brief in support thereof appear to assume that he was convicted after a trial rather than convicted on his plea of guilty. A plea of guilty to the crime as charged constitutes an admission of the facts alleged in the criminal complaint. *State v. Tinsley*, 325 N.W.2d 177 (N.D. 1982). The evidence submitted by the

---

1. The judgment of conviction included a sentence of five years to the State Penitentiary but also included a provision that after two years' imprisonment, inclusive of custody and good time, the remainder of the sentence be suspended and that Cook be placed on probation until September 10, 1986. At the time Cook petitioned the district court for post-conviction relief he was imprisoned in the North Dakota State Penitentiary. At the time of the appeal to this court Cook was imprisoned in the South Dakota State Penitentiary on a conviction of charges pending against him at the time he was sentenced in North Dakota.

2. Subsequent to his conviction on the plea of guilty, Cook moved the trial court to discharge his court-appointed defense counsel. The mo-

tion was granted and Cook requested the appointment of new counsel. The request was denied by the trial court. Cook moved this court to appoint counsel. Appointment of counsel in post-conviction proceedings is discretionary but applications should be read in a light most favorable to the applicant and if a substantial issue of law or fact may exist, counsel should be appointed. See *State v. McMorrow*, 332 N.W.2d 232 (N.D.1983). We have reviewed the application and the record in this matter in a light most favorable to Cook and we find his allegations completely without merit. Therefore, it was appropriate for the trial court to not appoint counsel for Cook and we deny his motion for appointment of counsel on this appeal.

State to sustain the factual basis for the plea [see Rule 11(e), N.D.R.Crim.P.] was overwhelming. These issues Cook now attempts to raise in his petition for post-conviction relief were therefore resolved against him by his plea of guilty.

■ Finally, Cook alleges that his plea of guilty was not voluntary and was not intelligently made due to the incompetency of his defense counsel. Our review of the record in this instance, including the transcript of the arraignment and sentencing, reveals these allegations to be without merit. Cook's counsel consulted with him on many occasions, contacted defense counsel in South Dakota where additional charges were pending against Cook, investigated the charges against Cook, and interviewed the officers involved in Cook's arrest for the charge. Cook's plea of guilty was a result of a plea-bargaining agreement which was reduced to writing and signed by Cook. In addition, the trial judge carefully explained to Cook his rights before accepting the guilty plea [see Rule 11, N.D.R.Crim.P.] and Cook's responses clearly indicate to us that the guilty plea was voluntarily and intelligently made. See *State v. Gilley*, 289 N.W.2d 238 (N.D.1980).

The order denying relief under the Uniform Post-Conviction Procedure Act is affirmed.

ERICKSTAD, C.J., and PEDERSON and SAND, JJ., concur.

GIERKE, J., disqualified.