STATE of North Dakota, Plaintiff and Appellee,

v.

Darcey WILLEY, Defendant and Appellant.

Crim. No. 1112.

Supreme Court of North Dakota.

Jan. 22, 1986.

Wendy P. Schulz, Asst. State's Atty., Jamestown, for plaintiff and appellee; argued by Charles J. Gilje, State's Atty.

Thomas E. Merrick of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendant and appellant.

VANDE WALLE, Justice.

Darcey Willey appealed from a district court order dismissing his application for post-conviction relief. We affirm.

During July 1983, Willey, at that time a 17-year-old juvenile, was arrested in Utah. After being informed of his *Miranda* rights by Utah authorities, Willey confessed to armed robberies in Utah, Minnesota, and Jamestown, North Dakota. Willey was not represented by counsel, nor were his parents present during questioning.

Willey pleaded guilty to the Utah charge and he was sentenced to the Utah State Prison. Utah authorities notified Jamestown authorities about Willey's confession and a criminal complaint was filed in Stutsman County Court. Willey filed a request under the Uniform Mandatory Disposition of Detainers Act, and he was transferred to Stutsman County Juvenile Court. Counsel was appointed for Willey. At a subsequent juvenile court transfer-of-jurisdiction hearing, Willey's statements obtained in Utah implicating him in the Jamestown robbery were admitted in evidence over his counsel's objections that they were in violation of Section 27–20–27, N.D.C.C. The juvenile court ultimately transferred jurisdiction to adult court, and Willey did not attempt an appeal to this court from the order terminating the juvenile court's jurisdiction. Willey pleaded guilty in adult court to robbery and he was sentenced to three years in the North Dakota State Penitentiary, to be served consecutively to his Utah sentence. Willey did not appeal from the criminal judgment.

Several months later, Willey filed an application for post-conviction relief claiming that the use of his Utah confession as evidence in the juvenile court transfer hearing violated Sections 27–20–26 and 27–20–27, N.D.C.C., and that the subsequent criminal judgment is consequently void for lack of jurisdiction. The State essentially asserted that Willey's failure to pursue this issue by direct appeal precluded relitigation of the issue in an application for post-conviction relief. The district court dismissed the application on the ground that the question raised by Willey had been finally adjudicated by the juvenile court and therefore could not be used as a basis for post-conviction relief. This appeal followed.

Post-conviction proceedings are governed by Chapter 29–32, N.D.C.C., our codification of the Uniform Post-Conviction Procedure Act of 1966.[1] Section 29–32–01(2), N.D.C.C. [Section 1(b) of the Uniform Act], provides in part that the post-conviction relief remedy "is not a substitute for ... direct review of the sentence or conviction." Section 29–32–08, N.D.C.C. [Section 8 of the Uniform Act], further provides:

> "*29–32–08. Waiver of or failure to assert claims.*—All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental, or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the

---

1. Chapter 29–32, N.D.C.C., our codification of the 1966 version of the Uniform Post-Conviction Procedure Act, was repealed by the 1985 Legislature and replaced with the 1980 version of the Act. See 1985 N.D.Sess.Laws Ch. 366 [codified at Chapter 29–32.1, N.D.C.C.] The instant case is governed by the provisions of Chapter 29–32, N.D.C.C.

basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

In *State v. Lueder,* 267 N.W.2d 555 (N.D.1978), this court held that under Section 29–32–08, N.D.C.C., any issue finally adjudicated in a prior post-conviction proceeding, or any issue that could have been raised in the prior proceeding, cannot be asserted in a subsequent proceeding under Chapter 29–32, N.D.C.C., unless the court finds "sufficient reason" why the issue was inadequately raised or not asserted in the prior post-conviction proceeding. In *State v. Manke,* 361 N.W.2d 247 (N.D.1985), we further interpreted Section 29–32–08, N.D. C.C., to mean that issues finally adjudicated in a prior direct appeal are res judicata and cannot be raised in a subsequent post-conviction proceeding. The instant case presents the question whether the failure to take a direct appeal precludes assertion of an issue in a post-conviction proceeding that was raised and litigated in the proceedings leading to the defendant's conviction.

A uniform law should be construed to effectuate its general purpose and "to make uniform the law of those states which enact it." Section 1–02–13, N.D.C.C. In *Redding v. State,* 274 N.W.2d 315 (Iowa 1979), the Supreme Court of Iowa differentiated between situations where an applicant for post-conviction relief has previously sought review of his conviction either by direct appeal or prior post-conviction action, in which case the applicant must establish a "sufficient reason" under Section 8 of the Uniform Act why each new ground for relief was not previously asserted, and situations where the conviction has not been previously attacked. In the latter case, the court found that the limitation imposed by Section 1(b) of the Uniform Act constitutes a proscription of abuse of process, stating:

"A failure to take an appeal does not alone constitute a waiver of the right to attack the conviction by postconviction action. Failure to appeal bars relief in a postconviction action on the ground of abuse of process only as to factual and legal contentions which the postconviction applicant knew of at the time of the original trial court proceeding and which he deliberately and inexcusably failed to pursue on appeal." *Redding, supra,* 274 N.W.2d at 317.[2]

Courts in other jurisdictions which have adopted the Uniform Act have reached similar conclusions. See *Maines v. State,* 597 P.2d 774, 776 (Okla.Crim.App.1979) [applicant must articulate "sufficient reason" under Section 8 of the Uniform Act explaining failure to appeal directly from conviction in order to proceed to adjudication of the mer-

---

**2.** The court in *Redding v. State,* 274 N.W.2d 315, 317 (Iowa 1979), cited *Horn v. Haugh,* 209 N.W.2d 119 (Iowa 1973), in support of its holding. In *Horn, supra,* 209 N.W.2d at 120–121, the court interpreted Section 1 of the Uniform Act as embracing the concept expressed in A.B.A. Standards, Post-Conviction Remedies § 6.1(c) (Approved Draft, 1968), which provides in relevant part:

"(c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he deliberately and inexcusably

"(i) failed to raise in the proceeding leading to judgment of conviction, or

"(ii) having raised the contention in the trial court, failed to pursue the matter on appeal,

"a court should deny relief on the ground of an abuse of process. If an application otherwise indicates a claim worthy of further consideration, the application should not be dismissed for abuse of process unless the state has raised the issue in its answer and the applicant has had an opportunity, with the assistance of counsel, to reply."

We note that the Uniform Post-Conviction Procedure Act of 1966 was prepared contemporaneously with the American Bar Association's development of the first edition of its Standards of Criminal Justice, and that the 1966 Act "reflected the Standards on Post-Conviction Remedies." Uniform Post-Conviction Procedure Act (1980), Prefatory Note, 11 U.L.A. 206 (Supp. 1985).

The *"Redding* rule" was recently modified in *Polly v. State,* 355 N.W.2d 849 (Iowa 1984), where the court adopted the "cause and prejudice" standard enunciated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

its of his application for post-conviction relief]; *Lerch v. Cupp,* 9 Or.App. 508, 497 P.2d 379 (1972) [petitioner must allege facts sufficient to show fraud, coercion, incompetence of counsel, or that the issue sought to be determined in a post-conviction proceeding could not reasonably have been raised had there been a direct appeal]; *State v. Duggan,* 414 A.2d 788, 790–791 (R.I.1980) [because Section 1(b) of the Uniform Act "indicates a legislative intent that criminal defendants present on appeal all issues that can be disposed of by direct review, ... a petitioner seeking postconviction relief must first satisfy the court that direct review of the issues presented in his application was not available to him"]; *Peeler v. State,* 277 S.C. 70, 283 S.E.2d 826 (1981) [appellant is barred from raising issue in post-conviction proceeding that could have been reviewed on direct appeal had one been taken]. *But see State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976).[3]

We conclude that failure to take a direct appeal bars relief in a post-conviction action under Chapter 29–32, N.D.C.C., on the ground of abuse of process as to factual and legal contentions that the post-conviction applicant raised and litigated at the time of the original trial court proceedings and which he deliberately or inexcusably failed to pursue on direct appeal.

Our decision today is not inconsistent with past decisions of this court. In *State v. Gustafson,* 278 N.W.2d 358 (N.D. 1979), and *State v. Carmody,* 243 N.W.2d 348 (N.D.1976), the issues adjudicated on appeal by this court were not previously raised or litigated by the post-conviction applicant during the trial court proceedings leading to conviction. Although statements made in *State v. Howe,* 257 N.W.2d

413 (N.D.1977), *State v. Paulson,* 256 N.W.2d 556 (N.D.1977), and *State v. Vogan,* 243 N.W.2d 382 (N.D.1976), might be interpreted as indicating that defendants may routinely forego direct appeals without consequence and instead seek post-conviction relief, those cases involved motions to dismiss the defendants' direct appeals from criminal judgments. Thus, in *Howe, Paulson,* and *Vogan,* direct appeals from the criminal judgments had at least been attempted.

Willey asserts that his failure to pursue a direct appeal in this case is justified because an order terminating a juvenile court's jurisdiction is interlocutory and nonappealable. He asserts in the alternative that even if such an order is appealable, there is enough confusion concerning the issue to constitute an excuse for not attempting an appeal. See, e.g., *In Interest of P.W.N.,* 301 N.W.2d 636, 638 n. 1 (N.D. 1981). It is unnecessary for us to determine whether an order terminating juvenile court jurisdiction constitutes an appealable order, because even if we were to agree with Willey that it is not, Willey has not established any justification for his failure to pursue the confession issue in an appeal from the subsequent criminal judgment entered upon his plea of guilty.

A voluntarily entered plea of guilty constitutes a waiver of only nonjurisdictional defects. *State v. Tinsley,* 325 N.W.2d 177 (N.D.1982). In *State v. Grenz,* 243 N.W.2d 375 (N.D.1976), this court held that claims arising from alleged irregularities in a juvenile court transfer hearing constitute an attack on jurisdiction and are not waived by a subsequent plea of guilty in adult court. Thus, assuming Willey could not

---

**3.** In *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), the Minnesota Supreme Court held that a convicted defendant is entitled to at least one appeal and that the defendant's failure in that case to directly appeal from the conviction did not preclude the defendant from raising in a post-conviction proceeding an issue that could have been raised in a direct appeal. See also, *Case v. State,* 364 N.W.2d 797 (Minn.1985). However, although Minnesota's Post-Conviction Procedure Act, Minn.Stat. Ch. 590, is a substan-

tial adoption of the major provisions of the Uniform Act, it contains numerous variations. It does not contain the provision in Section 1(b) of the Uniform Act that the post-conviction "remedy is not a substitute for ... direct review of the sentence or conviction." Rather, Minn. Stat. § 590.01 subd. 1, provides in relevant part that "[e]xcept at a time when direct appellate relief is available, a person convicted of a crime ... may commence a proceeding to secure relief...."

have appealed from the juvenile court order transferring jurisdiction to adult court, the admissibility of his Utah confession in the juvenile court proceedings could have been raised in a direct appeal from the criminal judgment.

Willey also asserts that *Grenz* supports the proposition that his plea of guilty in adult court and subsequent failure to pursue a direct appeal did not constitute a waiver of his right to collaterally attack through post-conviction proceedings any defects in the transfer hearing in juvenile court. *Grenz,* which involved an especially egregious factual situation, is clearly distinguishable from the instant case. In *Grenz,* the defendant was not represented by counsel during the juvenile court transfer hearing which preceded his plea of guilty in adult court. Consequently, the issues resolved in that appeal were not previously raised or litigated in the proceedings leading to the defendant's conviction. In the present case, Willey has been represented by the same counsel throughout the proceedings leading to his conviction and on his present post-conviction relief application. As we noted before, the question Willey now seeks to have us resolve in his favor was previously raised by his counsel during the transfer hearing and rejected by the juvenile court.

Because Willey has not established any justification for his failure to take a direct appeal from the criminal judgment to pursue the issue of the admissibility of his Utah confession in the juvenile court transfer hearing, we conclude that the district court did not err in dismissing his application for post-conviction relief. Accordingly, the order is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.