STATE of North Dakota, Plaintiff
and Appellee,

v.

Alvin DeCOTEAU, Defendant
and Appellant.

Cr. Nos. 900095, 900096.

Supreme Court of North Dakota.

Dec. 17, 1990.

Steven C. Farhart, Minot, for defendant and appellant.

John P. Van Grinsven, III, Asst. State's Atty., Minot, for plaintiff and appellee.

VANDE WALLE, Justice.

Alvin DeCoteau appealed from the district court's order denying his application for postconviction relief. We reverse and remand for further proceedings.

On April 12, 1989, DeCoteau appeared before Judge Jon R. Kerian in Ward County district court and entered a plea of guilty to the charge of Theft of Property and a plea of guilty to the charge of Aggravated Assault. The guilty pleas followed a plea agreement resulting from negotiations among DeCoteau, his attorney, and an assistant state's attorney. DeCoteau was sentenced to two consecutive five-year terms to be served at the state penitentiary.

On September 30, 1989, DeCoteau, acting pro se, submitted a writ of habeas corpus to the district court. As a ground for relief, DeCoteau alleged that his sentence violated the terms of the plea agreement which called for two five-year sentences to be served concurrently. The district court subsequently denied the writ of habeas corpus. On December 27, 1989, DeCoteau, acting pro se, filed an application for a postconviction hearing. The State filed an answer opposing postconviction relief and made a motion for summary disposition of the application. The district court, without hearing, issued an order denying DeCoteau's motion for postconviction relief.

On appeal, the dispositive issue is DeCoteau's contention that error was committed when he was not informed of his right to apply for court-appointed counsel following his application for postconviction relief.

In order to adequately address DeCoteau's contention, it is necessary to briefly examine recent procedural developments in North Dakota's postconviction remedies. In 1969, our Legislature adopted the revised Uniform Post–Conviction Procedure Act of 1966. See 1969 N.D.Laws ch. 304. The Act of 1966 was a revision of the

original Uniform Post–Conviction Procedure Act promulgated by the National Conference of Commissioners on Uniform State Laws in 1955. Commissioners Prefatory Note to the Uniform Post–Conviction Procedure Act (1966). The purpose of the original Act of 1955 and the revised Act of 1966 was to provide a remedy for all grounds for attacking the validity of a conviction or a sentence. *Id.*

In 1980, the uniform Act was again revised to reflect changes made to the American Bar Association Standards on Post–Conviction Remedies. Commissioners Prefatory Note to the Uniform Post–Conviction Procedure Act (1980). In 1985, North Dakota repealed the previously adopted revised Act of 1966 and in lieu thereof enacted the revised Act of 1980.[1] *See* 1985 N.D.Laws ch. 366.

■ While the revised Act of 1980 shares the basic policy considerations of its predecessors, it does make significant changes. One significant change involved the representation of petitioners. A review of the legislative history reveals our Legislature's contemplation of this change:

> "Although, in 1955 and 1966, the preceding Acts provided for costs if an applicant was indigent, including the costs of legal services, the *Post–Conviction Procedure Act (1980)* requires appointment of counsel if 'the court is satisfied that the applicant is unable to obtain adequate legal representation....' Costs are to be assumed, also. The availability of legal services has, generally, improved since the earlier Acts. The *Post–Conviction Procedure Act (1980)* contemplates greater use by petitioners of legal services. Hence, rules pertaining to evidence and discovery have been toughened." Testimony of Judge Eugene A. Burdick, Commissioner for Uniform State Laws, February 4, 1985, Minutes of Judicial

Committee of Senate regarding Senate Bill 2181.

This case requires us to examine a specific change to the uniform Act, as adopted in North Dakota, involving the representation of petitioners. Section 29–32.1–03(6), NDCC, provides:

> "If the applicant is not represented by counsel, the clerk shall notify the applicant that assistance of counsel may be available to persons unable to obtain counsel. The clerk shall also inform the applicant of the procedure for obtaining counsel."

DeCoteau asserts that the obligation of the clerk to notify the petitioner that assistance of counsel may be available and to inform the petitioner of the procedure for obtaining counsel is mandatory. We agree.

The testimony of Judge Burdick indicates that the "tough[er]" postconviction rules pertaining to evidence and discovery were predicated on the greater availability and use of counsel by indigent petitioners. It would be perverse to construe as mandatory those provisions requiring stringent evidentiary rules yet construe as discretionary those provisions enacted to provide access to counsel. Any discretion regarding availability of counsel remains with the Court,[2] not with the clerk.

■ The record on appeal does not reveal that DeCoteau requested appointment of counsel to assist him in securing a writ of habeas corpus or in securing postconviction relief; nor does it establish that the clerk of court notified DeCoteau of his right to apply for counsel pursuant to section 29–32.1–03, NDCC. The State apparently does not contest these points. The failure of the clerk to notify DeCoteau that assistance of counsel may be available and to inform him of the procedure for obtaining counsel affected DeCoteau's statutory

---

**1.** Thus far, North Dakota is the only jurisdiction wherein the Uniform Post–Conviction Procedure Act of 1980 has been adopted. *See* Uniform Post–Conviction Procedure Act of 1980 (U.L.A.Supp.1990).

**2.** The actual appointment of counsel remains discretionary with the court pursuant to the requirements of section 29–32.1–05(1), NDCC. *See State v. Cook,* 344 N.W.2d 487 (N.D.1984); *State v. McMorrow,* 332 N.W.2d 232 (N.D.1983).

right to such information and constitutes reversible error.[3] Because this procedural issue is dispositive of the appeal we do not decide the substantive issue raised by De-Coteau.

The order denying DeCoteau's application for postconviction relief is reversed. This case is remanded with the instruction that the clerk of court notify DeCoteau that assistance of counsel may be available and inform him of the procedure to obtain counsel pursuant to section 29–32.1–03, NDCC.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

3. We have reviewed the transcripts and although we do not conclude at this time that DeCoteau is entitled to relief, neither do we conclude that the plea and sentencing proceedings are so conclusive as to render his cause entirely without merit. *See State v. Cook,* 344 N.W.2d 487 (N.D.1984).