**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Courtney WOEHLHOFF, Defendant and Appellant.**

**Cr. No. 930137CA.**

Court of Appeals of North Dakota.

April 12, 1994.

Francis C. Rohrich (argued), State's Atty., Linton, for defendant and appellant.

Courtney Woehlhoff, pro se.

JON R. KERIAN, Surrogate Judge.

Courtney Woehlhoff appealed from a judgment of conviction for driving with a suspended license in violation of Section 39–06–42, N.D.C.C., a class B misdemeanor. We affirm.

Woehlhoff argues on appeal that there was insufficient evidence to prove certain allegations in the complaint beyond a reasonable doubt. The North Dakota Supreme Court in *State v. Ensz*, 503 N.W.2d 236, 238 (N.D.1993), summarized the procedure for review when the sufficiency of the evidence is challenged on appeal:

> " 'To successfully challenge the sufficiency of the evidence on appeal, a defendant must convince us that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt.' *State v. Raulston*, 475 N.W.2d 127, 128 (N.D.1991). 'A verdict for conviction "rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt" after drawing all inferences in favor of the verdict and viewing all evidence in a light most favorable to the prosecution.' *State v. Gefroh*, 495 N.W.2d 651, 655 (N.D. 1993), (quoting *State v. Schill*, 406 N.W.2d

660, at 660 (N.D.1987)). 'The tasks of weighing the evidence and judging the credibility of witnesses belong exclusively to the jury, not to this Court.' *State v. Lovejoy*, 464 N.W.2d 386, 388 (N.D.1990). We must assume that the jury believed the evidence supporting the verdict and did not believe contrary evidence. *Lovejoy* at 388."

The complaint charged Woehlhoff as follows:

"That on the 9th day of December, 1992, City of Strasburg, Emmons County, North Dakota, the above-named Defendant committed the offense of OPERATING A MOTOR VEHICLE WHILE LICENSE PRIVILEGE TO DO SO IS SUSPENDED in violation of Section 39–06–42 NDCC,

"by then and there driving a motor vehicle without a license to do so, to-wit: That on the above date, at 308 S. 1st Street, Strasburg, County of Emmons, North Dakota at approximately 11:10 A.M. the Defendant was found to be driving a 1987 Dodge pickup, license number BYV 621, in which his license was previously revoked or suspended for refusing to submit to a Blood Alcohol Test."

Woehlhoff argues that "308 S. 1st Street" is the location of the apartment where he resides and that the evidence did not prove he was driving at that particular location.[1] Woehlhoff also asserts that no evidence was presented to the jury that the reason his license was previously revoked was that he refused to submit to a blood alcohol test.

 Technicalities of criminal pleadings have been abolished, and to sufficiently charge an offense a complaint must simply state in plain ordinary language the essential elements of the offense. *City of Minot v. Bjelland*, 452 N.W.2d 348 (N.D.1990). If words appear in an information or complaint which, if stricken, do not cause omission of any of the essential elements of the offense, those words may be treated as surplusage and wholly disregarded. *State v. Woehlhoff*, 473 N.W.2d 446 (N.D.1991).

 The essential elements of Section 39–06–42, N.D.C.C., are that, (1) the person charged drove a motor vehicle in this state on a highway or on a public or private area to which the public has a right of access for vehicular use, and (2) when the person drove, that person's privilege to drive was suspended or revoked. *State v. Grenz*, 437 N.W.2d 851 (N.D.1989). To prove this offense it was unnecessary for the prosecution to prove the reason that Woehlhoff's driving privileges were previously revoked or suspended. Those words are merely surplusage in the complaint and can be disregarded.[2] Also, to prove this offense it is only necessary to show that the person was driving "in this state." The allegation in the complaint that Woehlhoff was driving "at 308 S. 1st Street" is merely surplusage and can be disregarded.

---

1. It was not necessary to allege the address where the defendant was driving but where a necessary allegation is made unnecessarily minute in description, at least one court has held the proof must satisfy the descriptive as well as the main part, since the one is essential to the identity of the other. *State v. Sudrala*, 79 S.D. 587, 116 N.W.2d 243 (1962).

In *Sudrala* the State in its opening statement, and in the complaint read to the jury, described the offense as the unlawful sale to a minor of "intoxicating liquor, to wit: one quart of Stillbrook whiskey," however, the instructions to the jury omitted the reference to Stillbrook and the jury needed only to find that the defendant sold intoxicating liquor. *Sudrala* objected and excepted to the latter instruction claiming that it should have been limited to the whiskey described in the information. The South Dakota Supreme Court agreed and reversed the conviction.

The same argument is made by Woehlhoff. In this case the site of the offense which was alleged in the complaint, and made a part of the judge's instructions was fixed as 308 S. 1st Street, however, the essential elements set out in the instructions required the jury to find only that on the 9th day of December 1992, in Emmons County, the defendant drove a motor vehicle while his license was suspended or revoked. Even if this court were to adopt the *Sudrala* rationale, it would have been necessary for Woehlhoff to make the proper objections and take exception to the instructions as given by the court for Woehlhoff to benefit from it. Woehlhoff failed to do that.

2. The reason that a defendant's driving privileges were previously revoked may be a relevant matter for sentencing under Section 39–06–42(2), N.D.C.C. However, it is not relevant to the charge of driving with a suspended or revoked license under Section 39–06–42(1), N.D.C.C.

The record shows that the trial court discussed the elements of the offense with Woehlhoff prior to the trial, and the instructions submitted to the jury stated that the essential elements to convict were that Woehlhoff "drove a motor vehicle, on a highway or on public or private areas to which the public has a right of access for vehicular use in this state" and that "at the time he so drove, his license or privilege to do so was suspended or revoked in any jurisdiction." Woehlhoff made no objection to the jury instructions; nor did he assert that the complaint was misleading or failed to apprise him of the charge against him. An issue not properly brought before the trial court cannot be raised for the first time on appeal. *State v. Steffes,* 500 N.W.2d 608 (N.D.1993).

Viewed in a light most favorable to the verdict, the record shows that an eyewitness observed Woehlhoff driving his father's Dodge pickup on the public streets of Strasburg on December 9, 1992. Prior to the trial, Woehlhoff stipulated that his license had been previously revoked and that he did not have driving privileges on December 9, 1992. We conclude that there was sufficient evidence for the jury to convict Woehlhoff.

Woehlhoff also argues on appeal that the trial court erred in admitting his prior driving record into evidence. The prosecution responded, and the record establishes, that Woehlhoff's driving record was not admitted into evidence or given to the jury. Woehlhoff's driving record was only considered by the court for sentencing purposes after Woehlhoff had been convicted. The court did not err.

**JUDGMENT OF CONVICTION AFFIRMED.**

RALPH J. ERICKSTAD, Chief Surrogate Judge, and KIRK SMITH, District Judge, concur.