Courtney D. WOEHLHOFF, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

Civ. No. 940379.

Supreme Court of North Dakota.

May 9, 1995.

Courtney D. Woehlhoff (argued), Bismarck, pro se.

Francis C. Rohrich (argued), State's Atty., Linton, for respondent and appellee.

MESCHKE, Justice.

Courtney D. Woehlhoff appealed the summary denial of his petition for post-conviction relief from a jury conviction of driving while his license was suspended (DUS). We affirm.

Woehlhoff was convicted by a jury of a class B misdemeanor for violating NDCC 39–06–42 by driving under suspension. Woehlhoff chose to appeal without assistance of counsel. His conviction was affirmed by the Court of Appeals. *State v. Woehlhoff,* 515 N.W.2d 192 (N.D.Ct.App.1994). Woehlhoff

petitioned for review of the affirmance by this court, but we denied review.

A few months later, Woehlhoff petitioned for post-conviction relief, arguing that the complaint did not charge an offense, the complaint was defective and mislead him, and "the trial court was without subject matter jurisdiction over a non-existent offense." He claimed that the complaint confused him by charging that he drove "at 308 S. 1st Street, Strasburg, County of Emmons, North Dakota" and not charging that he drove "on a highway or on a public or private area to which the public has a right of access for vehicular use."

The trial court held "[t]he issues raised by Woehlhoff ... have been previously addressed and ruled upon." The court concluded the record "established Woehlhoff was sufficiently apprised of the charge against him to enable him to defend; the jury instructions fully set forth the necessary essential elements of the offense; the Court did have jurisdiction of the subject matter; and ... the complaint did not mislead Woehlhoff especially after [the] Judge['s] ... discussion with him in chambers prior to submitting the case to a jury." The trial court summarily denied the petition and ruled Woehlhoff was "misusing the process in an attempt to readjudicate issues previously decided."

In his appeal from the denial, Woehlhoff's main contention "is that DUS does not apply to 'anywhere in the state', but applies 'on a highway or on a public or private area to which the public has a right of access for vehicular use.'" "Since 308 S. 1st St. is a residential lot and not a street," Woehlhoff insists he "was led to believe he violated [the statute] merely by driving anywhere in Strasburg, and that private property was not exempt from this offense."

Woehlhoff's argument compares the specific language in NDCC 39–06–42(1) prohibiting driving under suspension "on a highway or on public or private areas to which the public has a right of access for vehicular use," with language in NDCC 39–10–01 prohibiting other traffic offenses on "highways or other places open to the public for the operation of vehicles" and "upon highways and elsewhere." *See Wiederholt v. Dep't of Transp.,* 462 N.W.2d 445 (N.D.1990). *Compare* NDCC 39–08–01 ("upon a highway or upon public or private areas to which the public has a right of access for vehicular use"). Woehlhoff argues DUS is not prohibited "at 308 South First Street" because it is not a place "to which the public has a right of access for vehicular use." Even if the residential address defined one of the places of a moving traffic offense, Woehlhoff's argument conveniently ignores trial evidence that the vehicle he drove backed out of the driveway at that address. Surely, the public can access any open residential driveway.

■ Anyway, these arguments are simply variations of those Woehlhoff made at his trial and the Court of Appeals. The Court of Appeals explained that the trial court correctly omitted the street address as surplusage in its instructions to the jury. "The allegation in the complaint that Woehlhoff was driving 'at 308 S. 1st Street' is merely surplusage and can be disregarded." *Woehlhoff,* 515 N.W.2d at 194. Also, the trial court had properly instructed, without objection from Woehlhoff, that an essential element to convict was that he "drove a motor vehicle, on a highway or on public or private areas to which the public has a right of access for vehicular use in this state" while his license was suspended. *Id.* at 195. The Court of Appeals concluded, because he had not objected at the trial that the complaint mislead him or inadequately notified him of the charge, Woehlhoff effectively waived any objection to the instructions given. *Id.* The Court of Appeals also concluded the evidence was sufficient to convict Woehlhoff because, in addition to circumstantial evidence about the movements of his vehicle, an eyewitness testified he saw Woehlhoff drive his father's Dodge pickup on a public street in Strasburg shortly before he was arrested and charged. *Id.*

The opinion by the Court of Appeals demonstrates that Woehlhoff's present contentions have been decided before. "An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previ-

ous proceeding." NDCC 29–32.1–12(1).[1] *See State v. Willey*, 381 N.W.2d 183, 186 (N.D.1986) (lack of direct appeal bars post-conviction relief under former chapter when factual and legal grounds were raised and litigated in original proceedings); *State v. Lueder*, 252 N.W.2d 861, 866 (N.D.1977) ("issues which were considered and decided in the first appeal [from conviction] will not be considered further in this appeal" from summary denial of post-conviction relief under former chapter). Therefore, the trial court's summary denial of post-conviction relief was correct.

■■■ Defects in a criminal charge do not affect the later trial unless no conceivable offense was charged. *City of Grand Forks v. Mata*, 517 N.W.2d 626, 628 (N.D.1994). The unnecessary allegation of a street address in this complaint was surplusage and was therefore properly left out of the jury instructions. NDRCrimP 7(d). Because Woehlhoff had an opportunity to object to the instructions at trial, and did not do so, Woehlhoff waived any defect in the complaint because the instructions correctly submitted the charged offense to the jury. NDRCrimP 30(c) (part) ("Thereafter, only the parts or omissions so designated are deemed excepted to by the counsel designating the same."); *State v. Johnson*, 379 N.W.2d 291, 292 (N.D.1986):

> Under Rule 30(c), N.D.R.Crim.P., an attorney's failure to object at trial to instructions which he had the opportunity to object to before they were given to the jury operates as a waiver of his right on appeal to complain of instructions that either were or were not given.

Woehlhoff's variations on the same themes decided before do not merit post-conviction relief.

■■ Woehlhoff also argues he did not receive his "statutory rights under NDCC 29–32.1–03(6)" because the clerk of court did not "notify [him] that assistance of counsel may be available to persons unable to obtain counsel" nor inform him about "the procedure for obtaining counsel."[2] He relies on our opinion in *State v. DeCoteau*, 464 N.W.2d 605 (N.D.1990), that reversed and remanded for consideration of appointment of counsel. But our analysis in *DeCoteau* has no application here.

DeCoteau petitioned for post-conviction relief without the assistance of counsel, and it was denied summarily. *Id.* DeCoteau obtained the assistance of counsel for his appeal that also challenged the complete failure to notify him of the procedure to seek appointed counsel before decision by the trial court. *Id.* We reversed the summary denial because DeCoteau was not informed, either by the clerk or by the trial court, of the procedure to seek court-appointed counsel in a case where we were unable to "conclude that the plea and sentencing proceedings [challenged in the petition] are so conclusive as to render [DeCoteau's] cause entirely without merit." *Id.* at 607 n. 3. In contrast, Woehlhoff's petition lacked any merit.

■■ In *DeCoteau*, too, we emphasized that the "actual appointment of counsel remains discretionary with the court pursuant to the requirements of section 29–32.1–05(1), NDCC."[3] 464 N.W.2d at 606 n. 2. That

---

1. The rest of NDCC 29–32.1–12 may also apply:
   2. A court may deny relief on the ground of misuse of process. Process is misused when the applicant:
   a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or
   b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.
   3. Res judicata and misuse of process are affirmative defenses to be pleaded by the state. The burden of proof is also upon the state, but, as to any ground for relief which, by statute or rule of court, must be presented

as a defense or objection at a specified stage of a criminal prosecution, the applicant shall show good cause for noncompliance with the statute or rule.

2. NDCC 29–32.1–03(6) says:

If the applicant is not represented by counsel, the clerk shall notify the applicant that assistance of counsel may be available to persons unable to obtain counsel. The clerk shall also inform the applicant of the procedure for obtaining counsel.

3. NDCC 29–32.1–05 says:

*Appointment of counsel—Applicant's inability to pay costs and litigation expenses.*

conclusion controls this case. While the statute places the initial duty on the clerk of court to notify a convict, who petitions for post-conviction relief without assistance of counsel, about the procedure to obtain counsel if indigent, the trial court is delegated the ultimate duty to determine if counsel should be appointed.

■ That duty requires every trial court considering a petition for post-conviction relief to determine whether "a substantial issue of law or fact may exist." *State v. Cook*, 344 N.W.2d 487, 488 n. 2 (N.D.1984) (When "allegations [were] completely without merit [under former chapter,] . . . it was appropriate for the trial court to not appoint counsel . . . and we deny his motion for appointment of counsel on this appeal."). In another case decided under the former chapter, *State v. McMorrow*, 332 N.W.2d 232, 237 (N.D.1983), we explained:

> The appointment of counsel is discretionary, but applications should be read in a light most favorable to the applicant. If a substantial issue of law or fact may exist, counsel should be appointed. Trial judges ordinarily would be well advised to appoint counsel for most indigent post-conviction review applicants.

Although our former Uniform Post–Conviction Procedure Act, NDCC Ch. 29–32, was replaced by a similar one in 1985, the *Cook* and *McMorrow* opinions are still sound. There was insufficient merit in Woehlhoff's petition to make it an abuse of discretion for the trial court to have summarily acted on it without appointing counsel for him.

We take this opportunity to explain why. The ABA Standards For Criminal Justice Ch. 22 (1978) are designated as relevant guidelines in the Comment to the Uniform Post–Conviction Procedure Act of 1980, 11 U.L.A. 272, that was enacted in 1985 and codified at NDCC Ch. 29–32.1. The commentary to ABA Standard 22–4.3, quoted in *McMorrow* at 235, states:

It is [generally] a waste of judicial resources and an inefficient method of treating the substantive merits of applications for postconviction relief to proceed without counsel for applicants.

But, Standard 22–4.2 specifically addresses "preliminary judicial consideration of an application": ". . . an order of final dismissal should be entered only in an instance of unmistakably frivolous allegations." The commentary to Standard 22–4.2 explains:

> Some applicants for postconviction relief, acting out of ignorance or poor advice, seek relief on grounds that are clearly not cognizable in a postconviction proceeding. They sometimes submit applications on matters that would not justify relief even on direct appeal from the conviction. These probably comprise the bulk of the oft-remarked frivolous applications. If the wholly frivolous nature of an application can be brought to the court's attention . . ., an order of dismissal is, of course, appropriate.

Implementing this concept, our current Uniform Post–Conviction Procedure Act directs:

> The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

NDCC 29–32.1–09(1). Another section reinforces summary disposition in a case like this:

> An application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding.

NDCC 29–32.1–12(1). Woehlhoff's post-conviction arguments were adjudicated when he first appealed his conviction, and their repetition is meritless. In summarily denying Woehlhoff's application for post-conviction

---

1. If an applicant requests appointment of counsel and the court is satisfied that the applicant is unable to obtain adequate representation, the court shall appoint counsel to represent the applicant.

2. Costs and expenses incident to a proceeding under this chapter, including fees for appointed counsel, must be reimbursed in the same manner as are costs and expenses incurred in the defense of criminal prosecutions.

relief, the trial court so concluded, and we affirm it here.

There was no error when the trial court summarily acted without considering appointment of counsel for Woehlhoff. We decline to remand to require the trial court to go through the motions of acting on an application for appointment of counsel that lacks any merit.

While Woehlhoff's petition and appeal verged on frivolity, we choose to deny the prosecution's motion to impose sanctions under NDRAppP 38 at this time. We affirm denial of post-conviction relief.

VANDE WALLE, C.J., and SANDSTROM and NEUMANN, JJ., concur.

LEVINE, J., concurs in the result.