Filed 1/19/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 8

Danielle GreyBull, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 990280

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James M. Vukelic, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Danielle GreyBull, pro se, James River Correctional Center, P.O. Box 3001, Jamestown, N.D. 58402-3001, petitioner and appellant.

Rick Lee Volk, Assistant State’s Attorney, Burleigh County Courthouse, 514 East Thayer, Bismarck, N.D. 58501, for the respondent and appellee.

GreyBull v. State

No. 990280

Maring, Justice.

[¶1] Danielle GreyBull appeals from the trial court’s order dismissing her application for post-conviction relief.  We reverse and remand for further proceedings.

[¶2] In 1997, GreyBull was convicted of manslaughter in the stabbing death of Charlene Yellow Bear.  This Court affirmed the conviction in 
State v. Greybull
, 1998 ND 102, 579 N.W.2d 161.  GreyBull, acting pro se, filed two successive applications for post-conviction relief.  This appeal arises from the trial court’s dismissal of the second of those applications.

[¶3] The record in this case fails to establish the clerk of district court informed GreyBull of her right to apply for counsel under N.D.C.C. § 29-32.1-03.  Section 29-

32.1-03(6), N.D.C.C., states:

If the applicant is not represented by counsel, the clerk shall notify the applicant that assistance of counsel may be available to persons unable to obtain counsel.  The clerk shall also inform the applicant of the procedure for obtaining counsel.

In 
State v. DeCoteau
, we held this statute imposes a mandatory obligation upon the  clerk of district court and the clerk’s failure to notify an applicant of her statutory right to apply for counsel and of the procedure for obtaining counsel is reversible error.  464 N.W.2d 605, 606 (N.D. 1990).  This procedural issue is dispositive of the appeal and, therefore, we do not decide the substantive issues raised by GreyBull.

[¶4] The order dismissing GreyBull’s second application for post-conviction relief is reversed.  We remand and instruct the clerk of court to notify GreyBull that assistance of counsel may be available to her and to inform her of the procedure she may use to obtain counsel under N.D.C.C. § 29-32.1-03.

[¶5] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.