# IN THE COURT OF APPEALS OF IOWA

No. 21-1407
Filed November 17, 2022

**MARTIN SHANE MOON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Clarke County, Terry Rickers, Judge.

A defendant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Martin Moon appeals the dismissal of his application for postconviction relief (PCR) concerning his conviction for murder in the first degree. He maintains summary dismissal was improper because he alleges newly discovered evidence and potential *Brady*[1] violations. Finding no genuine issue of material fact, we affirm the district court's dismissal as a matter of law.

### I.     *Background Facts and Proceedings.*

On July 6, 2000, a jury found Moon guilty of first-degree murder. In an en banc decision, we upheld his conviction on direct appeal. *See State v. Moon*, No. 00-1128, 2002 WL 663486 (Iowa Ct. App. Apr. 24, 2002). Three PCR applications have since been either denied or dismissed, with each affirmed on appeal. *See Moon v. State*, No. 05-0816, 2007 WL 1345732 (Iowa Ct. App. May 9, 2007); *Moon v. State*, 911 N.W.2d 137 (Iowa 2018); *Moon v. State*, No. 19-2037, 2021 WL 610195 (Iowa Ct. App. Feb. 17, 2021).

This appeal concerns Moon's fourth PCR application, which he filed on February 21, 2020. In March, the State filed a motion for summary dismissal, arguing Moon's application was untimely. After waiting for a resolution to Moon's appeal of his third PCR application, the district court held a hearing in August 2021 and granted the State's motion in September. Moon filed a timely notice of appeal.

### II.     *Review.*

"We review summary dismissals of [PCR] applications for errors at law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). PCR applications are subject

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (finding due process requires the State to disclose exculpatory evidence to the accused).

to the same summary judgment standards applied in civil proceedings. *See id.* Accordingly, we affirm a summary dismissal "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* (alterations in original) (citation omitted). "We view the record in the light most favorable to the nonmoving party" and "draw all legitimate inferences from the evidence in favor of the nonmoving party." *Id.*

### III.    Discussion.

Moon contends that he has newly discovered evidence within the meaning of Iowa Code section 822.3 (2020), which provides an exception to the three-year limit to file a PCR application for "a ground of fact or law that could not have been raised within the applicable time period." However, even evidence discovered after three years have passed will not overcome the statute of limitations if it could have been raised during an earlier proceeding. *See Redding v. State*, 274 N.W.2d 315, 317 (Iowa 1979) ("Under [the Iowa Code], multiple grievances of a convicted defendant should be submitted in a unitary action rather than piecemeal in successive actions.").

At the hearing on the State's motion to dismiss, Moon's attorney advised the court that Moon received the evidence in question in April 2019 after the State provided a copy of Moon's file to his attorney during his third PCR proceeding. The court held a hearing on summary judgment in Moon's third PCR action in November 2019. Moon's trial counsel in the present action requested Moon provide an affidavit attesting to when he actually discovered the evidence after it

was mailed to him, but Moon did not provide one. According to Moon's signed and notarized PCR application that initiated this case, his attorney received the documents in late March 2019 and, upon receipt, forwarded a copy to him. The State challenges whether Moon truly did not know of the evidence sooner. In any event, the evidence was received, at the latest, during the pendency of Moon's third PCR action. With that fact settled, Moon's application must be dismissed as a matter of law.

Iowa Code section 822.8 requires that "[a]ll grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application." Moon did not move to amend his third PCR application once the evidence in question was received, nor was any information regarding newly discovered evidence or *Brady* violations brought to the court's attention during that PCR trial. Consequently, Moon must establish both "sufficient reason" for his failure to bring this challenge during the earlier action and actual prejudice resulting from this error. *See Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984).

Moon contends he did not have sufficient time to properly analyze and review the evidence he received prior to the PCR trial in November 2019. Given that approximately seven months elapsed between receipt and trial, and Moon does not allege ineffective assistance of counsel, we find this reason insufficient. As stated regarding one of Moon's previous PCR applications, "[t]he burden is on Moon to demonstrate he could not have raised the newly discovered evidence

earlier in the exercise of due diligence." *Moon*, 911 N.W.2d at 152. Moon failed to meet this burden. We therefore affirm the dismissal of his PCR application.

**AFFIRMED.**