STATE of Wisconsin, Plaintiff-Respondent,

v.

Philip A. BONO, Defendant-Appellant.†

Court of Appeals

*No. 81–961–CR. Submitted on motion to dismiss May 21, 1981.—Decided July 28, 1981.*
(Also reported in 309 N.W.2d 400.)

For the appellant the cause was submitted on the brief of *Steven D. Phillips,* assistant state public defender.

† Petition to review denied.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *E. Gordon Young,* assistant attorney general.

Before Foley, P.J., Dean, J. and Cane, J.

FOLEY, P.J.  The state has filed a motion to dismiss this appeal on the ground that Philip Bono has absconded.  Bono was convicted of arson in violation of sec. 943.02, Stats.  He was sentenced to a term of twelve years in prison and was granted bail pending appeal.  On April 20, 1981, Bono failed to appear at a hearing before the trial court to determine whether bail should be revoked.  Neither the public defender nor the state know where Bono is.  Because Bono cannot be made to respond to the judgment of this court, and in the interest of economy and judicial efficiency, we dismiss the appeal.

It is within the discretion of the court to refuse to decide a criminal appeal if the defendant cannot be made to respond to the court's judgment.  *Smith v. United States,* 94 U.S. 97 (1876).  Bono cannot be made to respond to the court's judgment because the court does not know where Bono is.  Bono also faces possible new criminal charges for jumping bail.  We therefore consider it unlikely that he will voluntarily present himself if we reverse the judgment and order a new trial.  Based on Bono's demonstrated disrespect for the authority of the trial court, we consider it even more unlikely that he will voluntarily return and serve his sentence if we affirm the judgment.

Dismissal of Bono's appeal is in the best interests of this court and of Wisconsin taxpayers.  Dismissal serves the interests of this court by preventing the further waste of its time and effort on a decision that may have

no practical effect and is requested only by a defendant who is no longer entitled to call upon the resources of the court. *See Molinaro v. New Jersey,* 396 U.S. 365, 366 (1970). Dismissal serves the interests of Wisconsin taxpayers because it terminates this appeal, which is being financed by them. Dismissal may also contingently serve to discourage bail jumping. *See Estelle v. Dorrough,* 420 U.S. 534, 537 (1975).

*By the Court.*—Appeal dismissed.