Rockingham
No. 90-129

### THE STATE OF NEW HAMPSHIRE

v.

### RICHARD PATTEN

June 7, 1991

*John P. Arnold,* attorney general (*Tina L. Nadeau,* attorney, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   The issue before us is whether we should dismiss the defendant's appeal because he has escaped from custody and currently remains at large. For the reasons set forth below, we grant the State's motion to dismiss.

The defendant was convicted after a jury trial in Superior Court (*Mohl,* J.) of theft, RSA 637:3, and burglary, RSA 635:1. The trial court sentenced the defendant on February 15, 1990, to serve one year at the house of correction, stand committed, and one to three years at the State Prison, suspended. On February 22nd, the defendant escaped from custody while on a work release program from the house of correction. He has remained at large ever since.

On May 9, 1990, the defendant's trial counsel filed an appeal of his conviction, which this court accepted. The State subsequently filed a motion to dismiss the defendant's appeal on the ground that he had escaped from custody. We requested that the parties brief and argue the issue raised in the State's motion.

The issue is one of first impression for this court. *Cf. In re Cindy G.,* 124 N.H. 51, 60, 466 A.2d 943, 948 (1983) (where defendant voluntarily absented herself from sentencing proceeding, she waived right to be present at time of sentencing); *State v. Lister,* 119 N.H. 713, 716, 406 A.2d 967, 969 (1979) (where defendant escaped from custody after commencement of trial, defendant thereby voluntarily waived right to be present at trial, and trial *in absentia* was proper). The defendant's counsel argues that the motion to dismiss should be denied because his appeal raises "significant and meritorious constitutional issues." Alternatively, he argues that the appeal should be dismissed only if the defendant is not returned to custody within thirty days from this court's decision on the motion. The State, on the other hand, asserts that we should adopt the rule followed by the United States Court of Appeals for the First Circuit, that a defendant who escapes from custody and remains at large for more than thirty days forfeits his right to appeal. *See United States v. Puzzanghera,* 820 F.2d 25, 26 (1st Cir.), *cert. denied,* 484 U.S. 900 (1987); *United States v. Tremont,* 438 F.2d 1202, 1203 (1st Cir. 1971).

"[A]n appellate court's right to dismiss the appeal of an escapee still at large is clear. . . ." *Puzzanghera. supra.* As the United States Supreme Court has held,

> "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the con-

victed defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. . . . [W]e believe [the escape] disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which [the defendant] appeals . . . we conclude . . . that the Court has the authority to dismiss the appeal on this ground."

*Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970).

██ We agree that when a defendant escapes from confinement and remains a fugitive from justice, he or she has forfeited the right to appellate review. We opt to follow the position taken by the First Circuit requiring the government to establish the fact of voluntary escape by filing an affidavit "from the warden of the institution from which the escape took place, or from some other person with official responsibility for appellant's safekeeping." *Puzzanghera supra.* This requirement has been satisfied in the case before us by the State's submission, in support of its motion to dismiss, of an affidavit from Captain Farrar of the Criminal Division of the Rockingham County Sheriff's Department attesting to the defendant's escape and to his at-large status.

Because the defendant has been at large for over fourteen months, it is not necessary for us to decide whether to allow for immediate dismissal of the appeal, as did the United States Supreme Court in *Molinaro v. New Jersey*, 396 U.S. at 366, or whether to adopt the First Circuit's holding in *Puzzanghera*, that prior to dismissing an appeal a showing must be made that the defendant has been at large for at least thirty days. *Puzzanghera*, 820 F.2d at 26. We note that, even under the more lenient First Circuit rule, the defendant's appeal would be dismissed with prejudice because he remains at large. We expressly reject the defendant's assertion that this court should grant him an additional thirty days from the date of this decision before dismissing his appeal.

██ The defendant points to language in *Puzzanghera* in which the First Circuit suggests that, in "unusual cases," the equities pertaining to the merits of the appeal would induce the court to retain jurisdiction. *Puzzanghera*, 820 F.2d at 27. In support of his position, the defendant's counsel filed a motion in this court requesting the transcription of trial proceedings to enable him to "intelligently argue" that the merits of the appeal required denial of the motion to

dismiss. The court in *Puzzanghera* is referring, however, to factual circumstances where a defendant escapes and is then returned to custody. Because the defendant in the case before us has not been returned to custody, we need not address that issue and deny the defendant's motion to transcribe proceedings. The State's motion to dismiss the appeal is granted.

*Appeal dismissed.*

All concurred.