STATE of North Dakota, Plaintiff
and Appellee,

v.

Arnold J. LaFROMBOISE, Defendant
and Appellant.

Cr. No. 950153.

Supreme Court of North Dakota.

Jan. 11, 1996.

Stephen J. Rice, Walsh County State's Attorney, Grafton, for plaintiff and appellee.

Robert J. Woods of Woods Legal Services, Forest River, for defendant and appellant.

SANDSTROM, Justice.

Arnold LaFromboise, on appeal from a criminal conviction for unlawful possession of drug paraphernalia, challenges the trial court's denial of his motion to suppress evidence found during a warrantless probationary search of his Grafton residence. Because the search was neither pretextual nor unreasonable, we affirm the judgment of conviction.

I

LaFromboise was serving probation for a January 25, 1994 conviction of possessing a short-barreled shotgun, a class C felony. *See* N.D.C.C. § 62.1–02–03. Under the terms of his probation, LaFromboise was to not violate any criminal laws and was subject to searches of his person, vehicle, or residence by any probation officer any time of the day or night, with or without a search warrant. *See* N.D.C.C. § 12.1–32–07(4)(n). During July 1994, marijuana was found during a probationary search of LaFromboise's residence. In September 1994, Loralyn Waltz, LaFromboise's probation officer, obtained information that LaFromboise's residence might again contain contraband. Waltz contacted another probation officer in her office, Jayne Lilleoien, and asked her to conduct another probationary search of the residence.

At approximately 9 p.m. on September 28, 1994, Lilleoien and several law enforcement officers went to LaFromboise's apartment and knocked on the front and back doors.

The officers repeatedly knocked and announced their presence and purpose, but there was no response. The officers observed lights were on inside the residence, people were moving inside, and someone closed the blinds. They also heard the repeated flushing of a toilet. They received no response. After almost 10 minutes, Lilleoien authorized the officers to force open the front door.

Law enforcement officers found LaFromboise, his girlfriend, and several other persons, including two juveniles in the apartment. As many as 11 law enforcement officers and a drug-sniffing dog participated at various times during the three-hour search of the three-level apartment. Some of the officers were called in only to transport persons found at the apartment. Lilleoien found marijuana floating in a toilet and various items of drug paraphernalia throughout the apartment. LaFromboise was charged with possession of drug paraphernalia under N.D.C.C. § 12.1–31.1–03, a class A misdemeanor.

LaFromboise moved to suppress the evidence found at his apartment, asserting the search violated his rights under the Fourth Amendment to the United States Constitution and its state counterpart, Article I, § 8 of the North Dakota Constitution. The trial court found no constitutional violations and denied the suppression motion. LaFromboise was convicted by a jury.

The trial court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 27–05–06(1). LaFromboise's appeal from the criminal judgment and commitment[1] was timely

1. LaFromboise was sentenced to one year at the State Penitentiary, but to first serve 45 days in the Walsh County Corrections Center, with the balance of the one year sentence suspended for 18 months. The trial court denied LaFromboise's request for a stay of sentence pending the outcome of this appeal. The record shows a bench warrant was issued for LaFromboise's arrest when he failed to attend a hearing on a petition to revoke his probation. Apparently, LaFromboise has failed to appear at the Walsh County Corrections Center to serve any of his sentence. According to the State, LaFromboise has "fled from his sentence" and is "at large on the lam."

The United States Supreme Court recently said "[i]t has been settled for well over a century that

an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega–Rodriguez v. United States*, 507 U.S. 234, ——, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581 (1993). *See also Goeke v. Branch*, —— U.S. ——, 115 S.Ct. 1275, 131 L.Ed.2d 152 (1995) (neither *Ortega–Rodriguez* nor earlier cases suggested dismissal of a fugitive's appeal implicates constitutional principles). As the Supreme Court explained in *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970):

"No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the con-

under N.D.R.App.P. 4(b). This court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 29–28–06(2).

## II

The defendant in *State v. Perbix*, 331 N.W.2d 14 (N.D.1983), was subject to probationary searches similar to LaFromboise. Eight law enforcement officers searched the defendant's residence, at the county sheriff's urging, "because the search provision had not been previously implemented." *Perbix* at 15 (footnote omitted). The defendant's probation officer was not contacted and no attempt was made to obtain a search warrant. This court upheld the constitutionality of the search, holding a showing of "reasonable suspicion" or "probable cause" was not necessary:

> "[C]onditions of probation requiring the probationer to submit to warrantless searches by probation officers or law enforcement officers, to the extent such searches contribute to the rehabilitation process; are not used as a subterfuge for criminal investigations; and are performed in a reasonable manner, are valid and not violative of the Fourth Amendment."

*Perbix* at 21 (footnote omitted).

LaFromboise does not challenge, under *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), the continuing validity of the *Perbix* holding reasonable suspicion is unnecessary to conduct a probationary search. Rather, LaFromboise asserts, unlike the search in *Perbix*, the search of his apartment was a pretextual search for the fruits of a crime and was executed in an unreasonable manner.

■■■■ A trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in

favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). This standard of review acknowledges the significance of the trial court's opportunity to assess the credibility of witnesses and to weigh their testimony. *State v. Knudson*, 499 N.W.2d 872, 873 (N.D.1993). Whether the officers' conduct, as found by the trial court, violated constitutional prohibitions against unreasonable search and seizure is a question of law. *State v. Saavedra*, 396 N.W.2d 304, 306 (N.D. 1986); *United States v. Austin*, 66 F.3d 1115, 1118 (10th Cir.1995).

## A

The trial court found "[t]he predominant purpose of the search was to determine if ... LaFromboise was complying with his probation terms, and in that sense the search contributed to his rehabilitative process and was therefore reasonable." LaFromboise asserts the trial court erred and the search was a subterfuge for investigating criminal activity because there was a large number of law enforcement officers involved, there was no search warrant, and there was no attempt to revoke his probation before criminal charges were brought.

The search was instigated by LaFromboise's probation officer, Waltz, and conducted by another probation officer at her behest. The trial court found Lilleoien's office established the date for the search and law enforcement officers present at the scene recognized Lilleoien as the person in charge. The trial court also found Lilleoien announced the probation search at the apartment and was the person who discovered much of the paraphernalia there.

viction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims...."

In this case, the State did not move to dismiss the appeal under the "fugitive dismissal rule," which has been adopted by rule or statute in some jurisdictions and has been judicially adopted by courts in various other jurisdictions. *See, e.g., Estelle v. Dorrough*, 420 U.S. 534, 95

S.Ct. 1173, 43 L.Ed.2d 377 (1975) (upholding Texas statute); *Young v. State*, 518 So.2d 822 (Ala.Crim.App.1987), *cert. denied*, 488 U.S. 834, 109 S.Ct. 93, 102 L.Ed.2d 69 (1988) (judicial adoption); *State v. Patten*, 134 N.H. 319, 591 A.2d 1329 (1991) (judicial adoption). This court has not previously applied the rule. We prefer to consider whether to adopt the "fugitive dismissal rule" when it has been properly raised and documented in a prehearing motion to dismiss the appeal.

Lilleoien conducting the search with the assistance of up to 11 law enforcement personnel from various agencies is not highly unusual. As the trial court noted, searches by probation officers are commonly conducted with assistance from other law enforcement officers and agencies. *See, e.g., Perbix* at 16 (eight sheriffs and police officers involved). The presence of the other officers is especially understandable here, given LaFromboise was on probation for possessing an illegal short-barreled shotgun, and Lilleoien had been warned weapons may be found at the premises. Moreover, not all of the officers were present at the apartment at the same time, and some only assisted in transporting the occupants.

Because a search warrant was not constitutionally required, *see Griffin; Perbix,* failing to obtain one did not turn this into a pretextual search. Contrary to LaFromboise's argument, waiting for a conviction before attempting to revoke LaFromboise's probation does not indicate subterfuge by law enforcement. *See Perbix* at 16 n. 2; *State v. Raywalt,* 444 N.W.2d 688 (N.D.1989).

■ Here, LaFromboise's probation conditions required him to obey criminal laws. Marijuana was found in a prior probation search of his residence, thus giving LaFromboise's probation officer concern he was not complying with the probation conditions. We conclude there was sufficient competent evidence to support the trial court's finding the search was not a subterfuge for criminal investigation.

### B

LaFromboise asserts the manner, intensity, and scope of the search were unreasonable under the state and federal constitutions. The trial court decided "the execution of the probation search was reasonable under the circumstances."

■ LaFromboise first complains the forced entry into his apartment was unreasonable. We recognize the common law and N.D.C.C. § 29–29–08 statutory knock and announce rules form a part of the reasonableness inquiry under the Fourth Amendment. *See Wilson v. Arkansas,* —— U.S. ——, ——,

115 S.Ct. 1914, 1915, 131 L.Ed.2d 976 (1995); *State v. Sakellson,* 379 N.W.2d 779, 784 (N.D. 1985). The determination of whether a forced entry is justified after an officer's announcement of presence and purpose does not turn on a set time limit, but depends upon the circumstances confronting the officer. *See United States v. Lucht,* 18 F.3d 541, 549 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994); *United States v. Knapp,* 1 F.3d 1026, 1030 (10th Cir.1993). LaFromboise essentially argues the forced entry was unreasonable because it did not occur until approximately 10 minutes after the officers' presence and purpose were announced, thus making exigent circumstances a non-factor in this case.

■ Lilleoien testified Waltz informed her LaFromboise was "in a wheelchair," but that "he can get around a little bit without his wheelchair." The trial court noted the search occurred at 9 p.m., there were several rooms in the three-level dwelling, and officers were stationed at both doors. Lilleoien knocked, announced their presence, identified herself as a law enforcement officer, and stated the purpose of the search was probationary. Shortly afterward, one of the officers heard a toilet flush and saw movement inside the apartment. The trial court determined this gave the officers reason to conclude illegal contraband was being destroyed. After several minutes passed and no one had opened the doors for them, the other law enforcement officers obtained permission from Lilleoien to break down the door. Given LaFromboise's known inability to maneuver freely within the three-level dwelling and the other circumstances present, we agree with the trial court the officers' patient 10–minute wait to force entry into the apartment was not unreasonable.

■ LaFromboise also complains about the three-hour length and the extensiveness of the search. The trial court noted there were several rooms to search in the three-level apartment and several items constituting alleged contraband and paraphernalia were discovered and had to be inventoried. Although LaFromboise relies on *Ginter v. Stallcup,* 869 F.2d 384 (8th Cir.1989), for the proposition he has a Fourth Amendment

right to be free from an unnecessarily destructive search and seizure, there is no evidence in the record any of his property was unnecessarily damaged. Because illegal drugs can be secreted in a variety of places, the officers cannot be faulted for their careful search of the premises. The trial court found nothing unreasonable about the length or extent of the search under the circumstances, and neither do we.

■ LaFromboise asserts the presence of 11 law enforcement officers also renders the search unreasonable. But again, the trial court noted not all of the officers were present at the same time and there were several rooms and floors to search. Some of the officers were there to transport the occupants to other locations. We, like the trial court, also conclude nothing was unreasonable about the number of officers present.

We conclude there is sufficient competent evidence to support the trial court's findings. The manner, intensity, and scope of the search were not unreasonable.

### III

The judgment of conviction is affirmed.

VANDE WALLE, C.J., and MESCHKE and NEUMANN, JJ., concur.

LEVINE, J., concurs in the result.