2000 ND 58

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kyle Kenneth BELL, Defendant and Appellant.**

No. 990290.

Supreme Court of North Dakota.

March 21, 2000.

Mark R. Boening (argued) and Adam W. Hamm, Assistant State's Attorneys, Fargo, for plaintiff and appellee.

Steven D. Mottinger, Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] The State of North Dakota moved to dismiss Kyle Kenneth Bell's appeal of his murder conviction. We grant the State's motion to dismiss, concluding Bell forfeited and abandoned his appeal by escaping.

I

[¶ 2] On August 20, 1999, a jury found Bell guilty of murder for the killing of eleven-year-old Jeanna North. On September 24, 1999, the district court issued a criminal judgment and commitment, sentencing him to life imprisonment. Bell appealed his conviction on September 24, 1999. On October 13, 1999, Bell escaped from custody while being transported from the North Dakota State Penitentiary to a prison facility in Oregon.

[¶ 3] On November 5, 1999, the State moved to dismiss Bell's appeal, asking this Court to adopt and apply the "fugitive dismissal rule." Bell's attorney filed a response, requesting this Court reject the fugitive dismissal rule and hear the appeal on the merits. On November 17, 1999, we considered the motion and ordered the matter set for oral argument. Following a nationwide manhunt, Bell was recaptured on January 9, 2000. We then directed the filing of supplemental briefs on the motion to dismiss. This Court has jurisdiction under N.D. Const. art. VI, § 2.

II

A

[¶ 4] The fugitive dismissal rule, also known as the "fugitive disentitlement

doctrine," allows courts to dismiss an appeal of a defendant who escapes during the pendency of his or her appeal. *Ortega–Rodriguez v. United States*, 507 U.S. 234, 239–40, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993); *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). Because North Dakota has not adopted the fugitive dismissal rule either judicially or by statute, the issue of whether to dismiss an appeal because of the defendant's escape from the jurisdiction is one of first impression.

[¶ 5] The United States Supreme Court has upheld the fugitive dismissal rule in several cases, "consistently and unequivocally" authorizing dismissal of an appeal as an acceptable sanction when a defendant is a fugitive during the "ongoing appellate process." *Ortega–Rodriguez v. United States*, 507 U.S. 234, 242, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). "It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Id.* at 239, 113 S.Ct. 1199.

[¶ 6] In *Molinaro v. New Jersey,* the Supreme Court explained:

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

[¶ 7] In *Ortega–Rodriguez,* the Supreme Court was asked to decide whether the same reasoning supported dismissal when the defendant had been a fugitive but was recaptured before he brought an appeal. 507 U.S. at 242, 113 S.Ct. 1199. The Supreme Court stated the fugitive dismissal rule rests partly on a theory of disentitlement, treating the defendant's flight during the appeal's pendency as a waiver or abandonment of the appeal. *Id.* at 240, 113 S.Ct. 1199. The Supreme Court held former fugitives returned to custody before filing an appeal generally are not subject to dismissal of an appeal brought after recapture, unless the defendant's escape has significantly interfered with the appellate process. *Id.* at 249, 113 S.Ct. 1199.

[¶ 8] A fugitive flouts the court and its authority by escaping after filing an appeal. *Ortega–Rodriguez,* 507 U.S. at 240–41, 113 S.Ct. 1199. Accordingly, dismissal is appropriate because the fugitive has shown such disrespect for the legal system that the fugitive has no right to call upon the court to examine his or her appeal. *Id.* Adoption of the fugitive dismissal rule is also a tool to deter other defendants from escaping or fleeing the jurisdiction pending appeal. *Id.* at 242, 113 S.Ct. 1199.

[¶ 9] As early as 1897, the Supreme Court upheld not only a court's dismissal of a fugitive defendant's appeal, but also its refusal to reinstate the appeal after the defendant was recaptured. *Allen v. Georgia,* 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897). In 1975, the Supreme Court again held dismissal of an appeal after the defendant was recaptured was proper. *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (upholding dismissal of defendant's appeal where he was recaptured two days after escaping). In *Estelle,* the Supreme Court upheld a Texas fugitive dismissal statute on grounds it discouraged escape and promoted efficiency in the appellate court. *Id.* at 537, 95 S.Ct. 1173. The Supreme Court held the state was free to implement laws to discourage escape and was "free to impose more severe sanctions on those whose escape is reasonably calculated to disrupt the very appellate process which they themselves have set in motion." *Id.* at 541–42, 95 S.Ct. 1173. *See Goeke v. Branch,* 514 U.S. 115, 120, 115 S.Ct. 1275,

131 L.Ed.2d 152 (1995) (states have the ability to regulate appeals by use of reasonable rules of procedure).

### B

[¶ 10] Federal appellate courts have held the fugitive dismissal rule is an independent and adequate state procedural rule. *See Wood v. Hall*, 130 F.3d 373, 378 (9th Cir.1997) (defendant procedurally defaulted by fleeing the state during his appeal). *See also Daccarett–Ghia v. Comm'r*, 70 F.3d 621 (D.C.Cir.1995) (a defendant's fugitive status in a federal criminal case did not entitle the tax court to dismiss his petition for redetermination of a deficiency because the fugitive disentitlement doctrine should be applied by a court to manage its own docket, not the docket of another court).

[¶ 11] In a case factually similar to Bell's, a federal appeals court held "[m]erely because—no thanks to him," the defendant was recaptured, he was not entitled to have his full appellate rights restored. *United States v. Puzzanghera*, 820 F.2d 25, 26–27 (1st Cir.1987). Prior to the court's ruling on whether to dismiss the appeal, the escaped appellant was captured and returned to custody. *Id.* at 26. Because the defendant was recaptured involuntarily after a period in excess of thirty days, and was found living "under an assumed name in a distant city," the court found no reason why he should be given back his forfeited right of appeal. *Id.* at 27. "Escape, pursuit, and recapture not only put the government and the taxpayers to considerable expense," but fugitives often put an appellate court to additional trouble "by diverting its attention from the merits of the appeal and involving it in a flurry of extraneous matters." *Id.* at 26.

### C

[¶ 12] Bell argues the fugitive dismissal rule should be adopted not by the Court, but by the legislature. The rule has been adopted by statute or rule in some jurisdictions, and has been judicially adopted by courts in other jurisdictions. State courts have recognized that the power to dismiss a fugitive's case is inherent. *See, e.g., Irvin v. State*, 236 Ind. 384, 139 N.E.2d 898, 901 (1957) (adopting rule that a fugitive has no standing in court during his or her status as a fugitive); *Joensen v. Wainwright*, 615 F.2d 1077, 1079 (5th Cir. 1980) (upholding Florida's judicially-adopted fugitive dismissal rule); *Young v. State*, 518 So.2d 822 (Ala.Crim.App.1987), *cert. denied*, 488 U.S. 834, 109 S.Ct. 93, 102 L.Ed.2d 69 (1988) (judicial adoption); *State v. Patten*, 134 N.H. 319, 591 A.2d 1329 (1991) (judicial adoption).

[¶ 13] For example, Wisconsin trial courts have both inherent and statutory power to exercise the fugitive dismissal rule. *See* Wis. Stat. § 805.03; *Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis.2d 381, 497 N.W.2d 756, 761 (Wis.Ct.App.1993). The Wisconsin supreme court in *State v. John*, recognizing the court's inherent power to dismiss when a defendant obstructs the administration of justice, stated "[c]ourts should not so coddle those who are defiant of its authority and the law, and who yet ask for its relief, that it is blinded to such inconsistencies." 60 Wis.2d 730, 211 N.W.2d 463, 465 (1973) (citations omitted).

[¶ 14] In a Pennsylvania case, the defendant filed a petition for permission to file an appeal within thirty days. *In the Interest of C.G.*, 428 Pa.Super. 314, 630 A.2d 1266, 1267 (1993). The petition was denied and the defendant then failed to appear at his probation review hearing, but filed an appeal the day after his hearing was scheduled. *Id.* The defendant also failed to attend a later probation review hearing. *Id.* The court quoted *Ortega–Rodriguez v. United States* and recognized dismissal of an appeal is appropriate when a defendant is a fugitive during "the ongoing appellate process." *Id.* at 1268 n. 6 (citing 507 U.S. 234, 242, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993)). The court held "[w]here a defendant is a fugitive at any time after post-trial proceedings commence he forfeits his

right to appellate review." *In the Interest of C.G.*, at 1268 (citation omitted). *But see State v. Byrd*, 448 N.W.2d 29, 30–31 (Iowa 1989).

[¶ 15] The court in *In the Interest of C.G.* further held such a forfeiture is irrevocable and cannot "be undone despite capture or voluntary return to custody." 630 A.2d at 1268. A defendant who intentionally bypasses this process is "bound by the consequences" of his or her decision; therefore, the court was authorized under Pa.R.App.P.1972(6) to dismiss his appeal because the defendant was a fugitive at the time of his appeal. *Id.* at 1268–69.

### III

[¶ 16] This Court addressed the fugitive dismissal rule in *State v. LaFromboise*, in which a defendant fled from North Dakota while his appeal was pending. 542 N.W.2d 110, 111 n. 1 (N.D.1996). In *LaFromboise*, however, the State did not move to dismiss the appeal under the fugitive dismissal rule. *Id.* at 112 n. 1. We stated we would "prefer to consider whether to adopt the 'fugitive dismissal rule' when it has been properly raised and documented in a prehearing motion to dismiss the appeal." *Id.*

[¶ 17] Bell argues dismissal of his appeal would be improper because he has the right to an appeal under N.D.C.C. § 29-28-03, which states, "An appeal to the supreme court provided for in this chapter may be taken as a matter of right." *See State v. Kottenbroch*, 319 N.W.2d 465, 469 (N.D.1982). Appeals from decisions of the district court to this Court, however, are subject to regulation by statute. *See State v. Robideaux*, 475 N.W.2d 915, 916 (N.D.1991); *Reub's Minot Camera, Inc. v. General Elec. Credit Corp.*, 201 N.W.2d 877, 879 (N.D.1972) (citations omitted). Further, defendants have no federal constitutional right to appellate review of state criminal convictions. *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). "The right of appeal is purely statutory in this state." *Robideaux*, at 916 (citing *City of*

*Riverside v. Smuda*, 339 N.W.2d 768, 769 (N.D.1983)). An appeal may be dismissed for noncompliance with our rules or statutes, such as for failure to file briefs, make timely service, or timely file a notice of appeal. *See, e.g., Reub's Minot Camera*, at 879–80.

[¶ 18] Moreover, other courts have upheld the fugitive dismissal rule despite a defendant's statutory right to a criminal appeal. *See State v. Lundahl*, 130 Or.App. 385, 882 P.2d 644, 645–46 (1994). In *Lundahl*, the appeal of a former fugitive brought after recapture was dismissed because of the fugitive's escape of seven years. *Id.* (citing Or.R.App.P. 8.05(3), passed after judicial adoption of the rule, providing for dismissal of a fugitive defendant's appeal if the fugitive has not surrendered by the time the motion to dismiss is decided by the court). The court held, without invoking Or.R.App.P. 8.05(3), dismissal was warranted because the appellate process was "significantly interfered with." *Id.* at 644, 647. *See State ex rel. Juvenile Dep't of Multnomah County v. Linder*, 142 Or.App. 527, 922 P.2d 691, 694 (1996) (even where a juvenile voluntarily turns himself or herself in, "protection of the dignity of the appellate court and deterrence" may require dismissal of his or her appeal).

[¶ 19] Bell also argues, because he can be prosecuted for escape, he should not be doubly punished by having his appeal dismissed. However, the United States Supreme Court in *Allen v. Georgia* held a defendant who escapes is committing a separate criminal offense as well as abandoning his right of appeal. 166 U.S. 138, 141, 17 S.Ct. 525, 41 L.Ed. 949 (1897).

[¶ 20] We hold Bell is precluded from maintaining his appeal because he forfeited and abandoned his appeal by escaping. The fugitive dismissal rule and the public policy reasons behind the rule are well established in both state and federal courts. Unlike the defendant in *Ortega–Rodriguez v. United States*, Bell filed

his appeal before escaping, thus invoking the appellate judicial system. 507 U.S. 234, 249, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). He then defied that same system by escaping. In addition, the State followed the procedure outlined in *State v. LaFromboise*, 542 N.W.2d 110, 112 n. 1 (N.D.1996). The *Ortega–Rodriguez* requirement is satisfied because we are dismissing an appeal from our own docket. 507 U.S. at 246, 113 S.Ct. 1199. Furthermore, we adopt the fugitive dismissal rule to deter Bell and other defendants from escaping in the future.

[¶ 21] Dismissal of Bell's appeal is in the best interests of both this Court and the taxpayers of this state. *See State v. Bono*, 103 Wis.2d 654, 309 N.W.2d 400 (Wis.Ct. App.1981). Dismissal prevents further time being spent on "a defendant who is no longer entitled to call upon the resources" of this Court. *Id.*

[¶ 22] We reserve, for an appropriate case, the issue of whether the fugitive dismissal rule would apply when a fugitive defendant voluntarily turns himself or herself in to the proper authorities. *See Estelle v. Dorrough*, 420 U.S. 534, 541, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (encouraging voluntary surrender is a valid justification for dismissing a fugitive defendant's appeal); *Irvin v. State*, 236 Ind. 384, 139 N.E.2d 898, 900 (1957) (holding courts should not grant new trials on the basis of bargaining with a defendant at large). *See also* Anthony Michael Altman, Comment, *The Fugitive Dismissal Rule: Ortega–Rodriguez Takes the Bite out of Flight*, 22 Pepp. L.Rev. 1047, 1082–83 (1995) (proposing a discretionary dismissal rule for fugitives, in which courts weigh the following three factors in deciding whether a former fugitive's appeal should be dismissed: "(1) length and effect of the delay; (2) voluntary versus involuntary return; and (3) nature of the claim asserted").

## IV

[¶ 23] The State's motion is granted, and Bell's appeal is dismissed.

[¶ 24] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER , JJ., concur.