2001 ND 188

**Kyle Kenneth BELL, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20010138.

Supreme Court of North Dakota.

Dec. 5, 2001.

Kyle Kenneth Bell (on brief), pro se, Florence, CO.

Adam Wade Hamm (argued), and Mark Rainer Boening (appeared), Assistant State's Attorneys, Fargo, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Kyle Bell appeals the summary dismissal of his application for post-conviction relief and the denial of his request for court-appointed counsel for the post-conviction proceeding. We hold the trial court did not abuse its discretion in denying Bell's request for court-appointed counsel, and the court did not err in summarily dismissing Bell's application for post-conviction relief. We affirm.

I

[¶ 2] In August 1999, a jury found Bell guilty of the 1993 murder of eleven-year-old Jeanna North, and the trial court sentenced Bell to life imprisonment. In March 2000, we dismissed Bell's direct appeal from the conviction, holding that, by escaping from custody while his appeal was pending, he forfeited and abandoned his right to appeal under the "fugitive dismissal rule." *State v. Bell*, 2000 ND 58, ¶ 20, 608 N.W.2d 232.

[¶ 3] Bell was recaptured while his direct appeal was pending, and he is currently incarcerated in Colorado. In March 2001, he applied for post-conviction relief under N.D.C.C. ch. 29–32.1. The trial court identified Bell's seven post-conviction claims as: (1) the State unconstitutionally proceeded by way of an information instead of by indictment; (2) a witness at trial committed perjury; (3) the conviction was obtained through the use of allegedly unconstitutional statements and testimony of Detectives Jim LeDoux and Rollie Rust; (4) during the proceedings against him, including the trial, the media was used to convict him; (5) the conviction was obtained in violation of an alleged constitutional requirement of a corpus delicti; (6) the State improperly commented on Bell's failure to testify; and (7) the trial court improperly denied Bell's motion for judgment of acquittal. When Bell filed his application for post-conviction relief, he also requested court-appointed counsel and sought to bar the media from the post-conviction proceeding.

[¶ 4] The State moved to dismiss Bell's application, arguing it was a misuse of process under N.D.C.C. § 29–32.1–12. The trial court dismissed Bell's application for post-conviction relief, concluding claims one, three, five and seven had to be raised at trial or on direct appeal and were barred as a misuse of process. The court decided claims two, .four, and six were unsubstantiated and also should have been raised at trial or on direct appeal. The court denied Bell's request for court-appointed counsel, concluding he was able to file his application for post-conviction relief without assistance, and reading his application in the light most favorable to him, it failed to raise any substantial issue of law or fact. The court also denied Bell's request to be present at the post-conviction proceeding and to bar the media from the proceeding. Bell appealed and requested court-appointed counsel for the appeal. The trial court denied Bell's request for counsel for appeal.

## II

[¶ 5] On appeal, Bell argues the trial court abused its discretion in denying his application for post-conviction relief and in granting the State's motion for summary dismissal without conducting an evidentiary hearing.

■ [¶ 6] Under N.D.C.C. § 29–32.1–09(1), a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Our review of a summary dismissal of a post-conviction proceeding is similar to our review of a summary judgment. *E.g., Clark v. State,* 1999 ND 78, ¶ 5, 593 N.W.2d 329. In *Clark,* at ¶ 5 (citations omitted), we said:

> The party opposing the motion is entitled to all reasonable inferences at the preliminary stages and is entitled to an evidentiary hearing if an inference raises a genuine issue of fact. Once the moving party has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists. The party resisting the motion may not merely rely on the pleadings or unsupported conclusory allegations; rather the party must present competent admissible evidence by affidavit or other comparable means.

■ [¶ 7] Here, the trial court summarily dismissed several of Bell's claims on the ground of misuse of process. Section 29–32.1–12(2), N.D.C.C., authorizes a court to deny post-conviction relief on the ground of misuse of process. Summary dismissal of a post-conviction application is appropriate if the issues raised in the application constitute a misuse of process. *See Clark,* 1999 ND 78, ¶ 25, 593 N.W.2d 329. In *Clark,* at ¶ 23 (citations omitted), we said:

> misuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief; (2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings, and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application.

## A

[¶ 8] Bell argues due process requires the State to prove his guilt beyond a reasonable doubt, and he claims he supplied a police report and relevant transcripts to show a witness perjured herself. He essentially argues the State failed to overcome the presumption of his innocence, and he established reasonable doubt about his guilt.

■ [¶ 9] In Bell's application for post-conviction relief, he claimed a witness who was rollerblading with Jeanna North the night that North disappeared committed perjury. Bell claimed the witness "was asked, and given ample opportunity to disclose anyone that she or Jeanna North had spoken to between the time they left the North house to the time they returned to the area from the Stop–N–Go. Yet, [the witness] states that the only person they spoke to was the Defendant Kyle Bell." Bell claimed the witness told police that North also spoke to an "unknown person" and a police officer that night. We have reviewed the witness' testimony at trial, and it does not reflect the witness was specifically asked whether North talked to any other persons on the night North disappeared. We conclude Bell's conclusory assertions about perjury by that witness are meritless.

■ [¶ 10] Moreover, to the extent Bell argues the State failed to overcome

the presumption of his innocence, his argument involves the sufficiency of the evidence to support the conviction, the failure of the State to produce the victim's body or a corpus delicti, and the trial court's denial of his motion for judgment of acquittal. Those issues were raised in the original criminal prosecution. Bell's direct appeal from the conviction was dismissed under the "fugitive dismissal rule." *Bell*, 2000 ND 58, ¶ 20, 608 N.W.2d 232. Bell forfeited and abandoned his direct appeal, and the effect of the dismissal is that Bell failed to properly perfect an appeal of his conviction. *See State v. Willey*, 381 N.W.2d 183, 186 (N.D.1986) (failure to take direct appeal bars post-conviction relief as to factual and legal issues that post-conviction applicant raised and litigated in original trial court proceeding and deliberately or inexcusably failed to pursue on direct appeal). Bell's attempt to raise those issues after failing to pursue them in a properly perfected direct appeal constitutes a misuse of process, and the trial court did not err in summarily dismissing those claims.

### B

■■ [¶ 11] Bell argues the State unconstitutionally proceeded against him by way of a criminal information instead of by grand jury indictment. Bell has cited no authority requiring the State of North Dakota, rather than the federal government, to prosecute criminal actions by indictment. Under N.D. Const. Art. 1, § 10, "[u]ntil otherwise provided by law, no person shall, for a felony, be proceeded against criminally, otherwise than by indictment." Section 29–09–02, N.D.C.C. and N.D.R.Crim.P. 7, authorize criminal prosecutions by information, and Bell's argument that a prosecution must be by an indictment is meritless. *See State v. Williamson*, 86 S.D. 485, 198 N.W.2d 518, 520 (1972) (stating neither Fifth Amendment nor due process clause of Federal constitution requires indictments in state courts). *See also* 41 Am.Jur.2d *Indictments and Informations* § 9 (1995). Moreover, Bell has cited no references to the original criminal proceeding where he raised this issue, and he has presented no explanation for his failure to raise it in that preceding. Bell's attempt to now raise this issue after his inexcusable failure to raise it in the original criminal prosecution constitutes a misuse of process, and the trial court did not err in summarily dismissing this claim.

### C

■ [¶ 12] Bell argues his conviction was based on the use of allegedly unconstitutional statements and testimony of Detectives Jim LeDoux and Rollie Rust. In the original criminal action, the trial court denied Bell's motion to suppress statements he made to Detectives LeDoux and Rust. Bell's direct appeal was dismissed because he failed to properly perfect the appeal, and his attempt to now raise this issue after failing to pursue it in a properly perfected appeal constitutes a misuse of process. *See Clark*, 1999 ND 78, ¶ 23, 593 N.W.2d 329; *Willey*, 381 N.W.2d at 186. The trial court did not err in summarily dismissing this claim.

### D

■ [¶ 13] Bell alleges the media was used to convict him during the entire proceeding against him, including the trial. The original trial was moved from Cass County to Morton County. To the extent Bell raised this issue in the original criminal prosecution, his attempt to now raise this claim after failing to pursue it in a properly perfected appeal constitutes a misuse of process. Moreover, Bell's conclusory opinions about the media's part in his conviction are insufficient to raise a substantial issue of law or fact, and the

trial court did not err in summarily dismissing this claim. *See Clark,* 1999 ND 78, ¶ 5, 593 N.W.2d 329.

### E

[¶ 14] In his post-conviction application, Bell alleged the trial court commented that "Bell has said nothing in his defense and shows no remorse by his silence," and that, during closing argument, the prosecution improperly commented on his failure to testify. Bell has cited no references to the record to indicate he raised this issue in the original proceeding, and he has presented no explanation for his failure to raise it there. Bell's attempt to now raise this issue after his inexcusable failure to raise it in the original prosecution constitutes a misuse of process. Moreover, Bell's claim was prefaced with the phrase, "If my memory serves me correctly." Bell has cited no references to the transcript to support his claims. His conclusory assertions are insufficient to raise a substantial issue of law or fact, and the trial court did not err in summarily dismissing this claim.

### III

[¶ 15] Bell argues the trial court abused its discretion in denying his request for court-appointed counsel.

Section 29–32.1–05, N.D.C.C., provides:

1. If an applicant requests appointment of counsel and the court is satisfied that the applicant is unable to obtain adequate representation, the court shall appoint counsel to represent the applicant.

2. Costs and expenses incident to a proceeding under this chapter, including fees for appointed counsel, must be reimbursed in the same manner as are costs and expenses incurred in the defense of criminal prosecutions.

[¶ 16] In *State v. McMorrow,* 332 N.W.2d 232, 234–37, (N.D.1983), this Court discussed the appointment of counsel under the prior version of the Uniform Post–Conviction Procedure Act, *see* 1969 N.D. Sess. Laws ch. 304, which was subsequently repealed and replaced with N.D.C.C. ch. 29–32.1. *See* 1985 N.D. Sess. Laws ch. 366, § 16. Although our decision in *McMorrow* was based on the prior version of the law, in *Woehlhoff v. State,* 531 N.W.2d 566, 569 (N.D.1995), we said *McMorrow* was "still sound" under N.D.C.C. ch. 29–32.1.

[¶ 17] In *McMorrow,* 332 N.W.2d at 234–35 n. 2, we construed statutory language stating that expenses of legal representation "shall" be made available to indigent applicants to be directory and not mandatory, and to mean the court shall provide an indigent applicant with an attorney only when a proper case is before the court. We cited *State v. Lueder,* 252 N.W.2d 861, 865–66 (N.D.1977) for the proposition that trial courts should attempt to make post-conviction hearings meaningful by considering appointing counsel to represent an indigent prisoner unable to attend hearings because of confinement. *McMorrow,* at 236. In discussing a similar Iowa post-conviction statute, we said in some cases an indigent applicant may be unable to file an application for post-conviction relief without assistance of counsel, and in those cases, counsel should be appointed for the purpose of assisting the applicant in preparing an application for post-conviction relief. *McMorrow,* at 237 (citing *Hall v. State,* 246 N.W.2d 276, 277 (Iowa 1976)).

[¶ 18] In *McMorrow,* 332 N.W.2d at 237 (citation omitted), after reviewing federal law, Iowa law, and the ABA Standards for Criminal Justice ch. 22 (1978)

regarding appointment of counsel for indigent post-conviction applicants, we held:

> The appointment of counsel is discretionary, but applications should be read in a light most favorable to the applicant. If a substantial issue of law or fact may exist, counsel should be appointed. Trial judges ordinarily would be well advised to appoint counsel for most indigent post-conviction review applicants.
>
> In the instant case we are presented with the exceptional situation in which it was appropriate for the court not to appoint counsel for McMorrow. McMorrow was able to file an application without assistance. His application, read most favorably toward him, did not raise the possibility of a substantial issue of law or fact. We affirm the trial court's order denying McMorrow's petition for post-conviction relief and his motion requesting appointment of counsel.

[¶ 19] In *Hopfauf v. State*, 1998 ND 30, ¶ 3, 575 N.W.2d 646 (citations omitted), we recently discussed appointment of counsel for indigent post-conviction applicants:

> "Post-conviction proceedings are not fishing expeditions, but are designed to resolve genuine factual disputes which might affect the validity of the conviction." Nor is it the purpose of an appointment of counsel under N.D.C.C. 29–32.1–05 to attempt to dredge up an issue for appeal. Rather, when an applicant for post-conviction relief is able to file an application without assistance, and when the application, read most favorably toward the applicant, does not raise the possibility of a substantial issue of fact or law, it is proper for the trial court to deny the request for appointment of counsel.

■ [¶ 20] We reiterate that trial courts ordinarily would be well advised to appoint counsel for most indigent applicants seeking post-conviction relief for the first time, and only in "exceptional" situations should counsel not be appointed. *McMorrow*, 332 N.W.2d at 237. Appointed counsel for indigent applicants making an initial application for post-conviction relief is preferred, because the failure to raise an issue in an initial proceeding may preclude raising the issue in a later proceeding. *See Clark*, 1999 ND 78, ¶ 23, 593 N.W.2d 329 (discussing misuse of process). The appointment of counsel may be necessary for proper investigation of the factual basis for a claim by an incarcerated applicant, and as we indicated in *Lueder*, 252 N.W.2d at 865–66, trial courts should attempt to make post-conviction hearings meaningful by considering appointing counsel to represent an indigent applicant who is unable to attend the hearing because of confinement.

■ [¶ 21] Here, however, we are presented with the exceptional situation in which it was appropriate for the trial court not to appoint counsel for Bell. The post-conviction judge was the same judge who presided over Bell's criminal prosecution. The court was aware of the issues that Bell had litigated in the original criminal proceeding but had not pursued in a properly perfected appeal because of the dismissal of the appeal, and the issues that Bell had not raised in the original proceeding. Bell prepared his post-conviction application without court-appointed counsel, and the application, read in the light most favorable to Bell, raised claims that were a misuse of process and did not raise the possibility of a substantial issue of law or fact. We have said a trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or in other words when the exercise of its discretion is not the product of a rational mental process by which the facts of rec-

ord and law relied upon are stated and are considered together with the purpose of achieving a reasoned and reasonable result. *Matter of Conservatorship of Kinney*, 495 N.W.2d 69, 71 (N.D.1993). The trial court explained that Bell was able to prepare his application without assistance, and the application, read in the light most favorable to Bell, did not raise any substantial issue of law or fact. Under these circumstances, the trial court's decision not to appoint counsel for Bell was the product of a rational mental process by which the facts of record and law were stated and considered together to achieve a reasoned and reasonable result. The court's decision not to appoint counsel for Bell was not arbitrary, unreasonable, or unconscionable. We therefore conclude the court's refusal to appoint counsel for Bell was not an abuse of discretion.

## IV

[¶ 22] Bell argues the post-conviction court violated the Code of Judicial Conduct when it stated dismissal of the application was "in the best interests of both this Court and the taxpayers of this state." The district court's quotation is from this Court's opinion dismissing Bell's direct appeal. *Bell*, 2000 ND 58, ¶ 21, 608 N.W.2d 232. Appeals from denials of post-conviction relief are not disciplinary proceedings. Bell has failed to demonstrate any way in which his substantial rights were violated by reference to an opinion of this Court. Bell's argument on this issue is meritless.

## V

[¶ 23] We affirm the trial court's summary dismissal of Bell's application for post-conviction relief.

[¶ 24] CAROL RONNING KAPSNER,
MARY MUEHLEN MARING, and
WILLIAM A. NEUMANN, and GERALD
W. VANDE WALLE, C.J.

SANDSTROM, Justice, concurring specially.

[¶ 25] I agree with the result reached by the majority. I write separately to note that the majority's dicta is at best obsolete exhortation.

[¶ 26] At ¶ 20, citing *State v. McMorrow*, 332 N.W.2d 232, 237 (N.D.1983), the majority says, "We reiterate that trial courts ordinarily would be well advised to appoint counsel for most indigent applicants seeking post-conviction relief for the first time, and only in 'exceptional' situations should counsel not be appointed." Of course in *McMorrow*, the "exceptional" situation was that the application did not raise the possibility of a substantial issue of law or fact. Even if those circumstances were the exception two decades ago, an objective review of recent years reflects that they are now the norm.

[¶ 27] Post-conviction relief is neither a substitute for appeal nor is it a second appeal. *Owens v. State*, 1998 ND 106, ¶ 48, 578 N.W.2d 542. Courts should appoint counsel when there is a realistic prospect of a substantial issue of law or fact that can properly be raised in the post-conviction relief proceeding. Our statutory system does not otherwise expect appointment of counsel. *See* N.D.C.C. § 29–32.1–05.

[¶ 28] DALE V. SANDSTROM, J.