2016 ND 31

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Michael Mills McCLARY, Defendant and Appellant.**

No. 20150218.

Supreme Court of North Dakota.

Feb. 18, 2016.

Jayme J. Tenneson, Nelson County States Attorney, Lakota N.D., for plaintiff and appellee; on brief.

Michael M. McClary, self-represented, Jamestown, N.D. defendant and appellant; on brief.

KAPSNER, Justice.

[¶1] Michael Mills McClary, self-represented, appeals from orders denying his motion to correct an illegal sentence and denying his motion for reconsideration. We reverse and remand for the district court to determine whether McClary is eligible for court-appointed counsel and for further consideration of the merits of his motion.

I

[¶2] In April 2011, McClary was charged with five counts of gross sexual imposition. The first four counts were alleged to have occurred in 2010 and the penalty sections for those offenses were listed in the criminal complaint as class A or AA felonies. The fifth count was alleged to have occurred in "2004 or 2005" and the penalty section listed was "Class B Felony (pre-August 2005 version)." In January 2012, after the class AA felony was reduced to a class A felony, McClary pled guilty to all five charges. McClary was sentenced to serve ten years in prison with three years suspended with credit for time served on each charge. For each charge, McClary was also placed on supervised probation for ten years from the later of the date of his release from incarceration or the termination of his parole. The district court ordered that the sentences "run concurrent" with each other.

[¶3] In April 2015, McClary moved to correct an illegal sentence under N.D.R.Crim.P. 35(a), and requested a

hearing and court-appointed counsel. McClary alleged that under the pre-August 2005 version of N.D.C.C. § 12.1–32–06.1(3), the district court could only impose a five-year period of supervised probation rather than a ten-year period of probation for the fifth count. After being granted an extension of time "to research the 2005 statutes and to prepare any stipulation if it is determined that the sentence is illegal," the State responded that an additional five years could be imposed under the prior version of N.D.C.C. § 12.1–32–06.1(3) if the additional period is in conjunction with a commitment to a sexual offender treatment or aftercare program, and the following condition of probation in each of the criminal judgments satisfied that requirement:

28. You shall attend, participate in, cooperate with and successfully follow and complete all sex offender treatment program rules and requirements and admit responsibility for your offense(s) as part of the treatment requirements. You shall attend aftercare if recommended by the parole/probation officer or treatment staff.

[¶ 4] Without holding a hearing or commenting on McClary's request for appointed counsel, the district court agreed with the State and denied the motion. McClary moved for reconsideration, claiming the court should have focused on whether he was required to attend a recommended sex offender treatment program or aftercare, because the sentencing court "would have been unable to determine, whether the parole/probation officer or any treatment staff would require or recommend additional treatment" to justify the additional five-year period. McClary also complained the court "failed to rule on" his request for a hearing and appointed counsel. The court denied the motion for reconsideration.

[¶ 5] McClary appealed and wrote to the Clerk of District Court, stating "as I am incarcerated and indigent I would request the appointment of counsel for this appeal at public expense." A few weeks later McClary again wrote to the Clerk, stating "[t]o date I have not received an Indigent Defense Application or I am not aware of any attorney being assigned to this appeal ... I would again request counsel for the above-entitled appeal at public expense, as I am incarcerated and indigent." The Clerk of District Court responded with a "Final Notice of Denial of Request for Court–Appointed Counsel" form, which had a box checked: "Other: Court appointed attorney not required for appeal." The notice also informed McClary of his "Right to Review":

If you disagree with this decision to deny your request for court-appointed counsel, you have the right to have the decision reviewed by the judge or judicial referee assigned to this case. Any request for review shall be submitted in writing and filed with the Clerk of District Court within five (5) days of date listed below.

The record does not reflect that McClary exercised his "right to have the decision reviewed by the judge."

II

[¶ 6] McClary argues the district court erred in failing to appoint counsel for him, erred in failing to hold a hearing on the motion, and erred in denying his motion on the merits.

[¶ 7] Rule 35(a)(1), N.D.R.Crim. P., provides that "[t]he sentencing court may correct an illegal sentence at any time...." Section 29–32.1–01(1)(a), N.D.C.C., of the Uniform Postconviction Procedure Act similarly provides that a person who has been convicted of and sen-

tenced for a crime may apply for postconviction relief upon the ground that "the sentence was imposed in violation of the laws ... of North Dakota." We have said "these post-conviction remedies co-exist for similar purposes as to illegal sentences," these remedies under comparable provisions of federal law "are often used interchangeably to attack a sentence illegal on its face," and have suggested a motion under the rule or the statute should be "treated as equivalent to a motion under both provisions." *State v. Nace*, 371 N.W.2d 129, 131 n. 3 (N.D.1985); *see also DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D.1993) ("While the *Nace* holding about a combined sentence of imprisonment and probation has been superceded by legislation, ... its holding about challenging an illegal sentence by post-conviction proceedings is still sound.") Therefore, although McClary's motion was denominated as a N.D.R.Crim.P. 35(a) motion, the provisions of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29–32.1, are applicable. *See State v. Johnson*, 571 N.W.2d 372, 374–75 (N.D.1997) (second Rule 35(a) motion to correct illegal sentence was barred by misuse of process provision of the Uniform Postconviction Procedure Act).

[¶ 8] Section 29–32.1–05, N.D.C.C., provides:

1. If an applicant requests counsel and the court is satisfied that the applicant is indigent, counsel shall be provided at public expense to represent the applicant.

2. Costs and expenses incident to a proceeding under this chapter, including fees for counsel provided at public expense, must be reimbursed in the same manner as are costs and expenses incurred in the defense of criminal prosecutions.

"While [N.D.C.C. § 29–32.1–03(6)] places the initial duty on the clerk of court to notify a convict, who petitions for post-conviction relief without assistance of counsel, about the procedure to obtain counsel if indigent, the trial court is delegated the ultimate duty to determine if counsel should be appointed." *Woehlhoff v. State*, 531 N.W.2d 566, 569 (N.D.1995). Here, the district court did not acknowledge McClary's requests for counsel throughout these proceedings. Rather, the only document addressing the subject is the Clerk of District Court's preliminary denial of McClary's request for counsel on appeal. However, the Clerk is not authorized to make that decision.

[¶ 9] In *Hopfauf v. State*, 1998 ND 30, ¶ 3, 575 N.W.2d 646, *disapproved on other grounds by Whiteman v. State*, 2002 ND 77, 643 N.W.2d 704, we explained:

Proceedings under N.D.C.C. Ch. 29–32.1, the Uniform Post–Conviction Procedure Act, are civil in nature. *Falcon v. State*, 1997 ND 200, ¶ 9, 570 N.W.2d 719; *State v. Wilson*, 466 N.W.2d 101, 103 (N.D.1991). "Post-conviction proceedings are not fishing expeditions, but are designed to resolve genuine factual disputes which might affect the validity of the conviction." *Mertz v. State*, 535 N.W.2d 834, 837 (N.D.1995). Nor is it the purpose of an appointment of counsel under N.D.C.C. 29–32.1–05 to attempt to dredge up an issue for appeal. Rather, when an applicant for post-conviction relief is able to file an application without assistance, and when the application, read most favorably toward the applicant, does not raise the possibility of a substantial issue of fact or law, it is proper for the trial court to deny the request for appointment of counsel. *Woehlhoff v. State*, 531 N.W.2d 566 (N.D.1995); *State v. McMorrow*, 332 N.W.2d 232 (N.D.1983).

We have cautioned that "trial courts ordinarily would be well advised to appoint

counsel for most indigent applicants seeking post-conviction relief for the first time, and only in 'exceptional' situations should counsel not be appointed." *Bell v. State,* 2001 ND 188, ¶ 20, 636 N.W.2d 438 (quoting *State v. McMorrow,* 332 N.W.2d 232, 237 (N.D.1983)); *see also Owens v. State,* 1998 ND 106, ¶ 26, 578 N.W.2d 542 (district court has "the discretionary authority, if not the duty, to appoint counsel" if examination of pro se petition raises substantial issue of law or fact).

■ [¶ 10]   This is McClary's first post-conviction proceeding, and his motion, viewed in the light most favorable to him, is not frivolous.   There is no dispute that the sentencing statute in effect at the time of the commission of the offense, rather than the sentencing statute in effect at the time of sentencing, governs. *See State v. Goodbird,* 344 N.W.2d 483, 486–87 (N.D. 1984).   The fifth count was alleged to have occurred in "2004 or 2005," and during that time frame N.D.C.C. § 12.1–32–06.1(3) (2003) provided "the court may impose an additional period of probation not to exceed five years if the additional period of probation is in conjunction with a commitment to a sexual offender treatment or aftercare program."   In 2005, the Legislature amended the statute to require a court to impose an initial five-year period of supervised probation and to allow a court discretion to impose an additional five-year period without requiring that it be "in conjunction with a commitment to a sexual offender treatment or aftercare program."   2005 N.D. Sess. Laws ch. 115, § 4. The district court's conclusion that the probation condition requiring McClary to "attend aftercare if recommended by the parole/probation officer or treatment staff" satisfies the "in conjunction with" portion of the pre–2005 version of the statute is questionable, because it arguably leaves the decision whether the additional five years of supervised probation will be or-

dered to a "parole/probation officer or treatment staff."   This Court has a well-established line of cases holding a district court may not delegate its sentencing authority to a probation officer or counselor. *See, e.g., State v. Nelson,* 417 N.W.2d 814, 817–18 (N.D.1987); *State v. Saavedra,* 406 N.W.2d 667, 669–72 (N.D.1987); *see also State v. Chapin,* 429 N.W.2d 16, 18–19 (N.D.Ct.App.1988).

[¶ 11]   We conclude the district court erred in ruling on McClary's motion without addressing his requests for appointed counsel.

### III

[¶ 12]   We reverse and remand for the district court to determine whether McClary is eligible for court-appointed counsel and for further consideration of the merits of his motion to correct an illegal sentence.

[¶ 13]   GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

McEVERS, Justice, specially concurring.

[¶ 14]   I agree with and have signed the majority opinion.   I write separately to point out that, while a defendant may have a right to counsel on a motion to correct a sentence under N.D.R.Crim.P. 35(a), it appears there is no right to counsel for a motion to reduce a sentence under N.D.R.Crim.P. 35(b). *See Scott v. United States,* 473 F.3d 1262, 1263–64 (8th Cir. 2007) (determining there is no Sixth Amendment right to counsel on a motion made under Fed.R.Crim.P. 35(b)).   The explanatory note to N.D.R.Crim.P. 35 indicates the rule is derived from Fed. R.Crim.P. 35.   Because our rule is adapted from its federal rule counterpart, federal

interpretations of Fed.R.Crim.P. 35 are persuasive. *See State v. Hayes,* 2012 ND 9, ¶ 24, 809 N.W.2d 309 (using federal authorities to interpret North Dakota Rules of Criminal Procedure when our rule is derived from its federal rule counterpart).

[¶ 15]   LISA FAIR McEVERS